**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

        Plaintiff,

vs.                                                                                                          No. CR 10-1534 JB

EDWARD CHRISTY

        Defendant.

**ORDER GRANTING EMERGENCY MOTION FOR CONTINUANCE**

This matter having come before the Court on April 5, 2011 upon the Defendant's Attorney's Emergency Motion for Continuance, the Court, having considered the premises therefore and the argument of counsel, finds as follows:

1. Defendant, was arrested by Federal authorities in this matter on or about May 28, 2010 and has been detained since his arrest.

2. Defendant was indicted in this matter and charged with violations of 18 U.S.C. Section 2423(a) and 18 U.S.C. Sections 2252(a)(4)(b), 2252(b)(2) and 2256 on May 28, 2010.

3. Defendant's attorney has been diagnosed with a contagious upper respiratory infection and is undergoing antibiotic treatment, but will be unable to travel for a period of several days, and is presently unable to render effective assistance of counsel.

4. Pursuant to 18 U.S.C. § 3161(h)(7)(A),(B)(I, ii & iv) and <u>United States v. Toombs</u>, 574 F.3d 1262 (10th Cir. 2009), the failure to grant the requested continuance would deny counsel for the United States and Defendant the reasonable time necessary for

   effective preparation, taking into account the exercise of due diligence.  Co-counsel in this case is not available on April 7th or May 2nd, has not participated in the case up to this point, has no copy of the file, and is expected to withdraw as counsel.

5. The Defendant's attorney needs additional time recover sufficiently to render effective assistance of counsel and to devote conflict-free time to prepare for and attend the hearing of this matter, and therefore Defendant requests that any delay caused by the continuance sought herein be not be included in calculating time for a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) for the period of delay caused by this motion, and requests that the Court continue the hearing and trial date. Defendant waives his right to a speedy trial during the delay caused by this continuance.

6. The interests of justice served by granting this requested continuance outweigh the best interest of the public and defendant in a speedy trial; that the failure to grant such a continuance would result in a miscarriage of justice. *See Toombs*, 574 F.3d at 1268.

7. Defendant's attorney's Motion is made in the ends of justice and so that substantial justice may be done in this matter, and not for mere delay.

8. Pursuant to 18 USC Section 3161(h)(7)(A),(B)(I, ii &iv) and United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the failure to grant the requested continuance of the April 7, 2011 hearing would deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. U.S. vs. Medrano, No. 08-1272 (10 th Cir., 12/7/2009).

9. The failure to grant the requested continuance of the April 7, 2011 hearing would

very likely make the continuation of these proceedings impossible, and result in a gross miscarriage of justice (18 USC 3161(h)(7)(B)(I).

10. Defendant has not had the benefit of significant assistance of other attorneys since the indictment, as no discovery was produced in this matter prior to indictment, and this attorney has been Mr. Christy's counsel since shortly after indictment.

11. The hearing set for April 7, 2011 is hereby continued and reset for April 8, 2011 at 9:00 a.m.

THEREFORE, the Defendant's attorney's ' Motion for Continuance is granted in part and the deadline set forth hereinabove at 11 is ORDERED.

The Court concludes that the Defendant has made a showing of good cause to vacate the April 6, 2011 hearing. There is no sound reason to force the Defendant to go to a hearing without his primary counsel able to attend, and his co-counsel unprepared and about to withdraw. The Court will therefore grant the motion to vacate that hearing for the reasons set forth in the Defendant's motion. On the other hand, the Defendant has not shown a need to vacate the trial yet, and the Court will deny that portion of his motion without prejudice to him renewing it. On the present record, the Defendant has not shown that he cannot, in about a month, get ready for trial. It may be that he cannot get ready for trial in the remaining period of time, but he has not shown he needs more time to prepare for trial on the record before the Court.

_____
UNITED STATES DISTRICT JUDGE