# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                         No. CR 10-1534 JB

EDWARD CHRISTY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Opposed Motion for Continuance and Announcement of "Not Ready for Trial," filed April 1, 2011 (Doc. 69)("First Motion"); (ii) the Defendant's Opposed Motion to Extend Time for Filing Pre-trial Motions, Briefs, and Responses and for Continuance of April 7th Hearing Setting, filed April 1, 2011 (Doc. 70)("Second Motion"); and (iii) the Defendant's Renewed Opposed Motion for Continuance and Announcement of "Not Ready for Trial," filed April 22, 2011 (Doc. 90)("Third Motion"). The Court held a hearing on April 22, 2010. The Court will grant in part and deny in part Defendant Edward Christy's motions for continuance. The Court will vacate the trial setting on May 4, 2011 and continue the trial setting to the Court's trailing docket on May 16, 2011. The Court will also extend the deadlines for production of discovery and for filing pre-trial motions, briefs, and responses until April 29, 2011. The Court will also grant Christy's request that the Court continue the April 7, 2011 hearing setting, and the Court heard all of the motions noticed for the April 7, 2011 motion hearing on April 21, 2011 and on April 22, 2011.

## PROCEDURAL BACKGROUND

Christy is charged with one count of violating 18 U.S.C. § 2423(a) -- Transportation with

Intent to Engage in Criminal Sexual Activity -- and three counts of violating 18 U.S.C. §§ 2252(a)(4)(b), 2252(b)(2), and 2256 -- Possession of a Matter Containing Visual Depictions of Minors Engaged in Sexually Explicit Conduct.  See Indictment at 1-3, filed May 26, 2010 (Doc. 2).

On February 3, 2011, the United States filed the its Motion for Definite Trial Setting, in which the United States requested the Court to schedule a definite trial date.  See Doc. 40.  The Court held a hearing on the United States' motion on March 1, 2011.  At the hearing, the Court suggested that it set the trial for May 2, 2011.  Christy represented that he did not oppose a definite setting, but stated that he had just received 1,000 pages of re-disclosed documents and that, although he believed he could make a May 2, 2011 trial, if he had problems with disclosure he would come back to the Court.  See Clerk's Minutes, filed March 1, 2011 (Doc. 57).  On March 14, 2011, the Court entered an Order Granting Defendant's Third Agreed Motion for Continuance and Announcement of "Not Ready for Trial and the United States' Motion for Definite Trial Setting, and set the trial for May 2, 2011.  See Doc. 59.

The Court sent the parties notice of an April 7, 2011 hearing on Christy's Motion to Suppress Evidence and Statements, filed February 14, 2011 (Doc. 41), the United States' Motion to Strike Defendant Edward Christy's Motion to Suppress Evidence and Statements (Doc. 41), filed February 14, 2011 (Doc. 45), and the United States' Motion in Limine for Pretrial Ruling, filed February 25, 2011 (Doc. 53).  On April 5, 2011, Christy filed an Emergency Motion for Continuance, stating that his counsel was diagnosed with a contagious, antibiotic resistant upper respiratory infection and could not fly for three days.  See Doc. 74.  The Court entered an Order Granting Emergency Motion for Continuance on April 5, 2011, which vacated the motion hearing on April 7, 2011 and reset the hearing for April 8, 2011.  See Doc. 76.

At the hearing on April 8, 2011, Christy's counsel represented that he was still too ill to

properly represent his client.  The Court orally continued the hearing.  On April 18, 2011, the Court entered an Order Granting Continuance of Pretrial Motions Hearing and Trial, in which the Court continued the pretrial motions hearing to May 2, 2011 and the trial to May 4, 2011.  See Doc. 85. The Court would delay the trial two days to hear the pending motions on May 2 and 3.  Because the Court's calendar cleared up thereafter, however, the Court was able to hold a pretrial motions hearing on April 21, 2011 and April 22, 2011.

On April 1, 2011 Christy filed the Defendant's Opposed Motion for Continuance and Announcement of "Not Ready for Trial."  Doc. 69.  In this motion, Christy states that discovery and investigation of this matter is still in process, despite his diligence, and that much discovery remains unaccomplished.  Christy asserts that, in early March 2011, his counsel fell ill, and was entirely unable to work for almost two weeks, and has been on "short hours" since then.  First Motion at 2. Christy asserts that, when his counsel returned to his office on March 25, 2011, three packages of discovery materials -- mailed on February 23, 2011, March 10, 2011, and March 17, 2011 -- were waiting for him.  Christy argues that he will need to call computer forensic examiners, who will not be available for the current trial setting, and will need to have the video interview of the alleged victim that Plaintiff United States of America had not previously disclosed reviewed by a psychological expert.  Christy also asserts that his counsel needs additional time to review the new discovery and to determine whether additional pre-trial motions are warranted.

Also on April 1, 2011, Christy filed the Defendant's Opposed Motion to Extend Time for Filing Pre-trial Motions, Briefs, and Responses and for Continuance of April 7th Hearing Setting. See Doc. 70.  In this motion, Christy argues that his counsel fell ill, was unable to work for a period of two weeks, and has not been able to work full days since becoming ill.  Christy argues that, when his counsel returned to work, three discovery packages greeted him.  Christy argues that his counsel

needs additional time to review the new discovery that the United States provided and to determine whether additional pre-trial motions are warranted.  Christy argues that he needs additional time to secure the presence of hearing witnesses, to review all discovery, to prepare any additional pretrial motions, and to prepare for the motions hearing.  Christy thus requests that the Court continue the hearing date, reopen discovery, and extend the current deadline for filing pre-trial motions.

On April 4, 2011, the United States filed the United States' Response to Defendant's Fourth Motion to Continue Trial *(Doc. 70)* and Motion for Order Extending Time Limit to File Pre-trial Motions *(Doc. 69)*.  <u>See</u> Doc. 71.  The United States opposes any continuance of the pre-trial deadlines and any continuance of the scheduled trial and hearing settings.  The United States argues that discovery is complete in this case.  The United States argues that it has provided Christy with all reports, documents, and other items in its possession, and that Christy has had ample time to prepare for the currently scheduled motion and trial dates.  The United States argues that the fact that Christy's attorney became ill should not constitute sufficient cause for continuing the currently scheduled hearing, trial, and pre-motions deadline.  The United States also argues that it has served subpoenas on thirty witnesses for the currently scheduled trial date and that, given the Court's calendaring schedule, it would be difficult to schedule a definite setting for a possibly seven day trial.  The United States argues that, because of these difficulties, granting Christy's motions would substantially further delay the trial and hearing.  The United States also argues that, because testimony regarding the victim's psychological state is not relevant or admissible, Christy's argument that a psychological expert needs to review the video interview of the victim is not sufficient grounds for a continuance.  The United States further argues that Christy's motions are

at odds with his Motion to Dismiss: Speedy Trial, filed April 1, 2011 (Doc. 67).[1]  The United States also voices its concern that Christy's motions are tactics to delay the trial, to attempt to overburden the prosecutor, and to set the stage for an appeal of his speedy trial rights.

On April 22, 2011, Christy filed the Defendant's Renewed Opposed Motion for Continuance and Announcement of "Not Ready for Trial."  Doc. 90.  In this motion, Christy asserts that his counsel appeared on April 8, 2011, unable to proceed with the motion hearing due to illness.  Christy asserts that the Court reset the motions hearing to May 2, 2011 and the trial date to May 4, 2011, a date to which his counsel did not object, being "too sick to effectively represent his client."  Third Motion at 2.  Christy asserts that, after the April 8, 2011 hearing, his counsel returned to bed rest and antibiotic therapy, and has recently returned to work with lingering effects of what was diagnosed as influenza B with secondary infections.  Christy asserts that, on or about April 6, 2011, Christy was placed in administrative segregation, and that, in this situation, "attorney-client visits" and communication "have been impossible to arrange."  Third Motion at 2.  Christy thus argues that, for over six weeks of the two month period immediately preceding the current May 4, 2011 trial setting, he has been deprived of effective assistance of counsel.  Christy argues that he has retained two expert witnesses for the purpose of assisting in examining the evidence in the case, but that his lack of funds stymied his computer forensics expert review of records,[2] and that his psychological expert cannot conclude her research without interviewing the alleged complaining witness, which the

---

[1] Christy has since represented, on the record, that he will withdraw his Motion to Dismiss for Speedy Trial violations.

[2] In March 2011, Christy told the Court that he had come into some funds to assist him in continued preparation of his defense.

United States opposes.[3]

## LAW REGARDING THE SPEEDY TRIAL ACT

"'The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings.'" United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir. 1993)(quoting United States v. Noone, 913 F.2d 20, 28 (1st Cir. 1990)). The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), reads in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161(c)(1).

The Speedy Trial Act requires "that an accused person's trial must begin within seventy days of his indictment or initial appearance, whichever is later." United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2006)(citing 18 U.S.C. § 3161(c)(1)). The Speedy Trial Act provides that certain periods of delay are not calculated in computing the time limits for trial. 18 U.S.C. § 3161 states in relevant part:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which

---

[3] Based on Christy's Third Motion, it appears that his expert has reviewed the video interview. In his Third Motion, Christy alleges his expert is unable to conclude her research without interviewing the complaining witness, which the United States opposes, and that the only materials relating to the complaining witness which have been available to the expert are redacted reports and a recording. Christy states that he seeks to file a Motion to Compel Disclosures. Christy has not yet done so. If he does, the Court will take up those issues. The Court is not convinced, however, that these grounds are sufficient to require it to continue the trial setting or any deadlines.

the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--

    (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

    . . . .

    (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

    . . . .

    (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

    . . . .

(4) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161.  Courts are instructed to consider specific factors when determining whether to grant a continuance under section (A) of 18 U.S.C. § 3161(7):

    (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(7)(B).

The district court must make clear on the record its reasons for granting an ends-of-justice continuance.  See United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009).  "Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough."  United States v. Toombs, 574 F.3d at 1271-72 (citations omitted).  See United States v. Hernandez-Mejia, No. 09–2171, 2011 WL 44497, at *6 (10th Cir. 2011)("[T]he record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time."  (quoting United States v. Toombs, 574 F.3d at 1271-72)).

## ANALYSIS

The Court will continue the trial setting to the Court's trailing docket on May 16, 2011.  The Court's failure to grant a continuance would result in a miscarriage of justice and would deny Christy's counsel the reasonable time necessary for effective preparation, given the recent debilitating illness of Christy's counsel and Christy's presence in administrative segregation, the need of Christy's computer expert to review computer evidence, and the unavailability of Christy's computer expert for the current trial setting.  Also, it does not appear the United States document production was complete until March 17, 2011.  The Court finds that the ends of justice are served by the continuance and outweighs the interests of the public and Christy in a speedy trial.  See 18 U.S.C. § 3161(h)(7)(A).  The Court will also extend the deadlines for production of discovery and for filing pre-trial motions, briefs, and responses, because the Court is convinced that such a continuance would serve the ends of justice.  The Court also grants Christy's request that the Court continue the April 7, 2011 hearing, and the Court heard the motions noticed for the April 7, 2011 motion hearing on April 21, 2011 and April 22, 2011.

A continuance of the trial setting will serve the ends of justice, given defense counsel's illness and his inability to prepare for litigation.  Christy's counsel contracted influenza B with secondary infections in early March 2011.  Because of his illness, Christy's counsel did not return to his office until March 25, 2011.  When he returned to his office, he found three packages of discovery materials that the United States mailed in late February and March, which contained both re-disclosed and newly disclosed materials.  The United States' production was not complete until March 17, 2011.  Christy's counsel represents that, because of his illness, he has been unable to complete trial preparations for the current trial setting.  Christy's counsel was unable to proceed at the April 8, 2011 motions hearing due to his illness.  The Court believes that the failure to grant a

continuance would likely make the continuation of proceedings impossible and result in a gross miscarriage of justice, as Christy's counsel represents that at present time he could not render effective assistance of counsel for a trial beginning on May 4, 2011, and that the failure to grant a continuance would deny Christy's counsel the reasonable time necessary for effective preparation, as Christy's counsel was unable to prepare for litigation or to review discovery materials for a period of time due to his illness.  See 18 U.S.C. § 3161(h)(7)(B)(i), (iv); United States v. Doran, 882 F.2d 1511, 1515 (10th Cir. 1989)(recognizing that the an attorney's sickness is a potentially valid reason to continue a trial under 18 U.S.C. § 3161(h)(7)(A)).  Furthermore, communication between Christy and his counsel has been difficult -- the only communication they have had was at the April 8, 2011 motions setting and during a telephone conversation on April 21, 2011, made in the presence of Christy's case worker -- because Christy was placed in administrative segregation.  Christy represents that this lack of communication has rendered trial preparations difficult.

A continuance of the trial setting will serve the ends of justice, because the Court's failure to grant a continuance will deny Christy's counsel the reasonable time necessary to effectively prepare for the case and would result in a miscarriage of justice.  Christy's computer forensic examiner has not yet completed a review of the files allegedly contained on Christy's computer. Christy alleges that the computer forensic examiner has been unable to reschedule a review of the files following his attempt to review the files in January 2011, when he discovered the materials were so voluminous and inclusive that it would take him thousands of hours of work at a cost of over $200,000.00 to review the materials without a sanitized report -- which identifies every file on the hard drives and removable media.  Christy alleges that the United States sent the report, but it did not arrive before his expert's attempted file review, so his expert was obliged to end the appointment, and reschedule -- which was stymied by Christy's lack of funds for such a review.

Additional funds have recently become available for a review.  Although, as the United States asserts, the expert has had opportunity to complete an examination, given Christy's inability, until recently, to pay the expert to conduct the review, the Court finds that its failure to grant a continuance will deny Christy's counsel the reasonable time necessary for effective preparation. See 18 U.S.C. § 3161(h)(7)(B)(iv).  Furthermore, Christy contends that his computer forensic examiner is not available for the current trial setting.  Although the United States asserts that Christy should not have agreed to a definite trial setting without first checking his expert's availability and that a delay will prejudice the United States, as lay witnesses will further forget pertinent facts, it has begun serving subpoenas on witnesses, and it will be difficult to reschedule the trial given the Court's calendaring schedule, Christy wishes to use a computer forensic expert in his defense, which is his right, see United States v. Pablo, 625 F.3d 2185, 1296 (10th Cir. 2010)("An essential ingredient to a fair trial is the defendant's right to present a defense." (citation omitted)), and the Court does not believe that a delay of two weeks will unduly prejudice the United States' case.  The Court thus believes that, because it appears that Christy wishes to present this expert in his defense, the failure to grant a continuance would result in a miscarriage of justice.  See 18 U.S.C. § 3161(h)(7)(B)(i).

    The Court does not believe that Christy's motions to continue are mere delay tactics.  On September 27, 2010, Christy filed the Defendant's First Agreed Motion for Continuance and Announcement of "Not Ready for Trial." Doc. 30.  In his motion, Christy stated discovery has been slow in coming, in part because of the United States' obligation to redact matters and Christy's inability to obtain expert review of the evidence against him until present.  The Court entered an Order Granting Defendant's First Agreed Motion for Continuance and Announcement of "Not Ready for Trial" on October 18, 2010.  See Doc. 34.  On January 7, 2011, Christy filed the

Defendant's Second Unopposed Motion for Continuance and Announcement of "Not Ready for Trial." Doc. 36.  In this motion, Christy indicated that discovery has been slow in coming and that the most recent discovery delay occurred when his computer forensic expert made an appointment to review the computer evidence, but that the materials were so voluminous the review would have taken over a thousand hours.  Christy stated his expert was in the process of trying to reschedule another review.  The Court entered an Order Granting Defendant's Second Unopposed Motion for Continuance and Announcement of "Not Ready for Trial" on January 12, 2011.  See Doc. 37.  On March 14, 2011, Christy filed the Defendant's Third Agreed Motion for Continuance and Announcement of "Not Ready for Trial."  Doc. 28.  In this motion, Christy asserted that discovery was still in process and that his counsel needed additional time to review new discovery.  Christy stated that United States needed to coordinate travel for key witnesses, some of which were not available for the trial date, and that he and the United States needed to call computer forensic examiners, who would not be available for the current trial setting.  Christy further stated that an evidentiary hearing on the motion to suppress could not occur before the trial setting.  The Court entered an Order Granting Defendant's Third Agreed Motion for Continuance and Announcement of "Not Ready for Trial" and the United States' Motion for Definite Trial Setting on March 14, 2011.  Doc. 59.

Christy's asserted grounds for continuance in his current motions are not "conclusory statements lacking in detail," which merely repeat his previous assertions in his motions for continuance.  United States v. Toombs, 574 F.3d at 1271.  Although Christy previously mentioned his counsel's need to review new discovery as grounds for the continuance, Christy currently asserts that his counsel needs time to review additional discovery, because three discovery packets were waiting for him upon his return to his office.  These packets contained some newly disclosed

material which Christy's attorney must review, including two days of surveillance video and forty-eight hours of recordings.  The Court thus finds that these asserted grounds are not merely repeated assertions and that these asserted grounds are sufficiently detailed to support a continuance.  Christy has also mentioned his computer forensic expert's need to review evidence in previous motions. Christy's current motions, however, add the details that the expert has not yet arranged to complete his review, because, until recently, Christy was unable to pay him.  Furthermore, Christy has not previously moved to continue based on his counsel's illness and his presence in administrative segregation, which prevented him from communicating effectively with his counsel.  Because Christy's motions to continue are not merely conclusory statements, lacking in detail and repeating previously asserted grounds for continuance, the Court does not believe that Christy is seeking only to delay litigation.  Instead, the Court believes that there are sufficiently detailed grounds -- Christy's counsel's illness, his presence in administrative segregation, Christy's computer expert's need to review computer evidence, and the unavailability of Christy's computer expert for the current trial setting -- upon which the Court may find that the ends of justice are served by granting a continuance of the trial setting.  The Court also believes that these asserted grounds justify it extending the deadlines for production of discovery and for filing pre-trial motions, briefs, and responses.

In sum, after weighing the best interests of the public and of Christy with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of Christy for the reasons stated in his motions requesting a continuance and at the hearing.  See 18 U.S.C. § 3161(h)(7).  Specifically, Christy's need to have a fully prepared attorney and expert outweigh his and the public's interests in a speedy trial.  The Court is not convinced, however, on the record before the Court, at this time, that it can justify a

longer extension.  The Court believes that the extension of 12 days is, on the current record before the Court, sufficient without being greater than necessary for Christy to accomplish the tasks he outlined in his motions to continue.

**IT IS ORDERED** that: (i) the Defendant's Opposed Motion for Continuance and Announcement of "Not Ready for Trial", filed April 1, 2011 (Doc. 69) is granted in part and denied in part; (ii) the Court will continue the current trial setting, and will vacate its deadlines for production of discovery and filing motions; (iii) the Defendant's Opposed Motion to Extend Time for Filing Pre-trial Motions, Briefs, and Responses and for Continuance of April 7th Hearing Setting, filed April 1, 2011 (Doc. 70) is granted; (iv) the Defendant's Renewed Opposed Motion for Continuance and Announcement of "Not Ready for Trial", filed April 22, 2011 (Doc. 90) is granted in part and denied in part; (v) the Court will continue the trial setting, but will not at this time on this record continue the trial setting for sixty days; (vi) the Court will vacate the trial setting on May 4, 2011; (v) the Court will continue the trial setting to the Court's trailing docket on May 16, 2011; and (vi) the Court will extend the deadlines for production of discovery and for filing pre-trial motions, briefs, and responses until April 29, 2011.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J.  Gonzales
  United States Attorney
Charlyn E. Rees
Holland S. Kastrin
  Assistant United States Attorneys
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

-14-

Lee P. McMillian
Law Offices of Lee McMillian, P.C.
South Houston, Texas

*Attorneys for the Defendant*