IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs. No. CR 10-1534 JB

EDWARD CHRISTY,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion for Discovery Pursuant to Fed. R. Crim. P. 16 and the Court's Standing Discovery Order, filed March 22, 2011 (Doc. 61). The Court held a hearing on May 5, 2011. The primary issue is whether the Court should order Defendant Edward Christy to permit Plaintiff United States of America to inspect and to copy any summary of testimony that Christy intends to use under rules 702, 703, or 705 of the Federal Rules of Evidence. The Court grants the United States' motion.

**PROCEDURAL BACKGROUND**

On May 26, 2010, the grand jury returned an Indictment charging Christy with one count of violating 18 U.S.C. § 2423(a) -- Transportation with Intent to Engage in Criminal Sexual Activity -- and three counts of violating 18 U.S.C. §§ 2252(a)(4)(b), 2252(b)(2), and 2256 -- Possession of a Matter Containing Visual Depictions of Minors Engaged in Sexually Explicit Conduct. See Doc. 2. On April 26, 2011, the grand jury returned a Superceding Indictment, charging Christy with one count of violating 18 U.S.C. § 2423(a) -- Transportation with Intent to Engage in Criminal Sexual Activity -- and three counts of violating 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2) and 2256 --

Possession of a Matter Containing Visual Depictions of Minors Engaged in Sexually Explicit Conduct.  See Doc. 94.

On March 21, 2011, Christy filed a notice of expert indicating is intent to call two expert witnesses -- Computer Forensic Investigator Steven Odenthal and Carmen Petzold, Ph.D.  -- at the trial in May, 2011.  See Defendant's Notice of Intent to Offer Expert Testimony at 1-2, filed March 21, 2011 (Doc. 60)("Notice of Intent").  Christy indicated that Odenthal would testify as to the "manner of storage, user availability, genuineness, and origins of the computer files."  Notice of Intent at 1.  Christy indicated that Dr. Petzold would testify "as to aspects of the personality of the Defendant at trial, as well as the necessity of examining alleged child victims for the purpose of adducing information about the alleged victims which is likely to be exculpatory."  Notice of Intent at 1-2.  Christy indicated the Curricula Vitae and reports of each of these experts were "provided contemporaneously with th[e] notice."  Notice of Intent at 2.

The United States asserts that, at the time it filed its motion, it had not received any reports, records, or other materials relevant to those expert witnesses in accordance with rule 16 and/or the Court's standing Discovery Order.  Also, when the United States filed its motion on March 22, 2011, the trial was scheduled to begin before the Court on May 2, 2011.  See Doc. 59.  The trial is currently scheduled to begin before the Court on May 16 2011.

The United States moves the Court for an order pursuant to rule 16 of the Federal Rules of Criminal Procedure and the Court's standing Discovery Order directing Christy to provide reciprocal discovery by "permitting the government to inspect and copy photograph books, papers, documents, photographs, tangible objects, reports of physical or mental examination or scientific tests, or copies of portions thereof, which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence at trial."  Motion at 1. The United States also asks

for "any other discovery to which the government is entitled." Motion at 1.

At the hearing on May 5, 2011, Christy represented that he did not oppose the Court entering an order requiring the production of the expert reports.

## ANALYSIS

The United States requests the right to discovery from Christy of all items within his possession or his experts' possession pursuant to rule 16 and the Court's standing order. There not being any opposition to the Court entering an order requiring Christy to produce, pursuant to rule 16 and the Court's standing Discovery Order, all documents and tangible objects, all reports of examinations and tests, and a summary of the expert witness's opinions, and the bases and reasons therefor, the Court will grant the United States' motion. The Court will thus order Christy to comply and to disclose the applicable materials pursuant to rule 16 and the Court's standing discovery order. The Court will also order Christy to produce the letter Dr. Petzold sent to his counsel listing the things she needs before she can write a report and Dr. Petzold's notes from her meetings with Christy. Christy represented that he did not object to the Court ordering production of the letter from Dr. Petzold or Dr. Petzold's notes. If Dr. Petzold further examines Christy, Christy must promptly supplement his disclosure. Christy must provide the applicable materials by 5:00 p.m. on May 12, 2011.

**IT IS ORDERED** that the United States' Motion for Discovery Pursuant to Fed. R. Crim. P. 16 and the Court's Standing Discovery Order, filed March 22, 2011 (Doc. 61) is granted.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Charlyn E. Rees
Holland S. Kastrin
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Lee P. McMillian
Law Offices of Lee McMillian
South Houston, Texas

    *Attorney for the Defendant*