**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        No. CR 10-1534 JB

EDWARD CHRISTY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the United States' Unopposed Motion for Definite Trial Setting, filed April 29, 2011 (Doc. 104). The Court held a hearing on May 5, 2011. The primary issue is whether the Court should continue the current trial setting on May 16, 2011 and set a definite trial date. The Court will grant the United States' motion in part and deny the motion in part. It will continue the current trial setting, but will not set a definite trial date. The Court will set the trial on the Court's June trailing docket, which is set to begin on June 13, 2011.

    On April 26, 2011, the United States filed a trial witness list which encompassed thirty witnesses. See Doc. 97. The United States needs to purchase travel for many of its witnesses, including investigators from California, representatives from Yahoo!, Verizon, and T-Mobile, the complaining witness and her family members, and the National Center for Missing and Exploited Children witnesses. The United States requests a definite trial setting so that it may pre-plan and purchase travel for trial efficiency for necessary witnesses. Defendant Edward Christy does not oppose the United States' motion.

    Roy Shepard, the only available witness who can testify that the child depicted in a charged count of the Indictment is a real child, is not available the week of May 16, 2011. Defendant

Edward Christy has not agreed to stipulate to this testimony. The United States thus represents that, if the case were to proceed to trial without Shepard's testimony, it could lose a charged count of the Indictment.

Assistant United States Attorney Charlyn Rees is not available for a trial the week of May 16, 2011. Ms. Rees is not a member of the New Mexico state bar. Ms. Rees is required to report continuing legal education ("CLE") credits in the near future. To satisfy the law licensing requirement for the state in which she is a member of the bar, she is scheduled to attend a national conference the week of May 16, 2011 to acquire CLE credits for her out-of-state bar licensing requirements. At the hearing, Ms. Rees represented that she had recently received an electronic mail transmission indicating that, as a coordinator in a project in which she is involved, she was needed to attend the conference. Ms. Rees is also not available on May 27 to 30, 2011, July 1 to 4, 2011, July 28 to August 1, 2011, and August 11-24, 2011, because of previously scheduled obligations. Assistant United States Attorney Holland Kastrin is not available May 16, 2011, because of a previously scheduled family obligation. The United States represents that it would not be in the best interest of prosecution of this case to bring other counsel into the case at this late stage of prosecution, which would only cause further delay.

One of Christy's witnesses, Carmen Petzhold, Ph.D., is not available in May for trial purposes. At the hearing, Christy's counsel, Lee McMillian, also represented that he preferred the trial not to start on May 16, 2011. Mr. McMillian is going to be in Fort Bragg, North Carolina from May 13, 2011 through May 15, 2011, see Transcript of Hearing (May 5, 2011)(McMillian)("I'm going to be in Fort Bragg training -- training [halo] jumpers in the vertical . . . ."),[1] and his flight

---

[1] The Court's citations to the transcripts of the hearings refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

back to Houston, Texas is set not to occur until May 16, 2011.

At the hearing, the Court discussed setting a definite trial date on May 31, 2011. Christy's counsel represented that he would be available on that date. The United States represented, however, that the only witness who can testify about one of the images -- entitled afternoon delight.mpeg – would not be available until the middle of June and that Christy has not stipulated to this witness' testimony and has indicated he will not stipulate to such testimony. This witness is an investigating officer who is familiar with the child depicted in the image. The United States represented that, without that stipulation, it was not willing to sacrifice counts of the Indictment. Mr. McMillian told the Court that he could be ready starting about June 14, 2011 and that he has a suppression hearing in Texas on June 13, 2011.

The Court directed Mr. McMillian to notify Ms. Rees by the end of business on Tuesday, May 10, 2011, whether he would stipulate in a way to make the afternoon delight.mpeg witness unnecessary. If the parties could so stipulate, the Court stated that it might schedule the trial to begin on May 31, 2011. The Court did not hear from either counsel about a stipulation on the afternoon delight.mpeg witness. On May 12, 2011, Ms. Rees called the Court's Courtroom Deputy Clerk and said that the parties had agreed the trial should begin June 14, 2011. The Court must assume, therefore, that the parties were unable to reach a stipulation that obviated the need for the United States to call the afternoon delight.mpeg witness, and the Court must set the trial for mid-June, when that witness is available. On May 12, 2011, Ms. Rees also informed the Court that she inadvertently failed to notify the Court her case agent for this matter is not available for a trial beginning May 31, 2011.

The Court being fully advised of the premises, the Court finds that the ends of justice are served by the continuance and outweighs the interests of the public and the Defendant in a speedy

trial. See 18 U.S.C. § 3161(h)(7)(A). The failure to grant the continuance would "unreasonably deny the defendant or the Government continuity of counsel," and would "be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). After weighing the best interests of the public and of Christy with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of Christy for the reasons stated in the United States' motion requesting a definite trial setting and at the hearing on May 5, 2011. Specifically, the parties cannot have their counsel or all the witnesses present for a trial starting May 16, 2011, or May 31, 2011, and the need to have all counsel and witnesses present outweighs Christy's and the public's interests in a speedy trial. See 18 U.S.C. § 3161(h)(7). The Court's trailing docket is set to begin on June 13, 2011, so the Court cannot, at the present time, give a firm setting for June 14, 2011.[2] It also cannot, at this time on the current record, justify a longer continuance. The Court will thus extend the trial twenty-eight days to the Court's June, 2011 trailing docket and begin the trial on June 13, 2011. The Court believes the extension is sufficient without being greater than necessary to get all the parties and witnesses to trial.

**IT IS ORDERED** that the United States' Unopposed Motion for Definite Trial Setting, filed April 29, 2011 (Doc. 104) is granted in part and denied in part. The Court will continue the current trial setting on May 16, 2011 and will set the trial on the Court's June 13, 2011 trailing docket.

---

[2] At the hearing, Mr. McMillian told the Court that he could be ready starting about June 14, 2011 and that he has a suppression hearing in Texas on June 13, 2011. The Court will, at the moment, leave the trial setting on its trailing docket on June 13, 2011. If changing circumstances -- changing circumstances in this case, or changing circumstances in the Court's trailing docket -- permit, the Court may change the date to June 14, 2011 to accommodate Mr. McMillian's suppression hearing. At the time, however, on the record before the Court, the Court cannot justify an extension beyond June 13, 2011.

                                            */s/ James O. Browning*
                                        UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Charlyn E. Rees
Holland S. Kastrin
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Lee P. McMillian
Law Offices of Lee McMillian, P.C.
South Houston, Texas

      *Attorneys for the Defendant*