**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      No. CR 10-1534 JB

EDWARD CHRISTY,

        Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** comes before the Court on the United States' Motion in Limine for Pretrial Ruling, filed February 25, 2011 (Doc. 53)("Motion").  The Court held a hearing on April 21 and 22, 2011.  The primary issues are whether the Court should prohibit Defendant Edward Christy from presenting testimony or other evidence concerning: (i) out-of-court statements that Christy gave, including statements made to investigating agents and to the alleged victim; (ii) the alleged victim's past sexual behavior or sexual predisposition; (iii) the age of consent in New Mexico; and (iv) evidence concerning the alleged victim's mental health.  The Court will grant in part and deny in part the Motion.  The Court will prohibit Christy from presenting any out-of-court statements that he has made, as Christy does not oppose this ground.  The Court will, however, allow the presentation of writings or recorded statements that contain Christy's out-of-court statements when the rule of completeness stated in rule 106 of the Federal Rules of Evidence applies.  Christy may also present out-of-court statements that fall within the state-of-mind exception to the hearsay rule stated in rule 803(3), in order to negate his criminal intent for the offense charged under 18 U.S.C. § 2423(a).  Because Christy does not oppose a prohibition

on his use of the alleged victim's past sexual behavior or sexual predisposition, the Court will, under rule 412, prohibit him from presenting evidence of the alleged victim's past sexual behavior or sexual predisposition.  Because there is no opposition from Christy, the Court will also prohibit Christy from presenting testimony regarding the age of consent in New Mexico. As to the Plaintiff United States of America's request that the Court prohibit Christy from presenting evidencing concerning the alleged victim's mental health, Christy does not contest this request with respect to presenting a necessity defense.  The Court will then not permit Christy to present evidence regarding the alleged victim's mental health for the purposes of establishing a necessity defense.  However, the Court will allow Christy to present evidence concerning the alleged victim's mental health in the following ways: (i) as impeachment evidence; (ii) with statements Christy made that would negate his intent to commit an offense under 18 U.S.C. § 2423(a); and (iii) with evidence that demonstrates the effect the alleged victim's mental health had on Christy to the extent it would negate Christy's intent to commit an offense under 18 U.S.C. § 2423(a).  Additionally, based on his agreement at the hearing, Christy may not present extrinsic evidence of the alleged victim's state of mind.

## PROCEDURAL BACKGROUND

Christy is charged with one count of violating 18 U.S.C. § 2423(a) -- Transportation with Intent to Engage in Criminal Sexual Activity -- and three counts of violating 18 U.S.C. §§ 2252(a)(4)(b), 2252(b)(2), and 2256 -- Possession of a Matter Containing Visual Depictions of Minors Engaged in Sexually Explicit Conduct.  See Indictment at 1-3, filed May 26, 2010 (Doc. 2).  On February 25, 2011, the United States filed the United States' Motion in Limine for Pretrial Ruling.  The Motion requested that the Court prohibit Christy from presenting testimony or other evidence concerning: (i) out-of-court statements that Christy gave, including statements

made to investigating agents and to the alleged victim; (ii) the alleged victim's past sexual behavior or alleged sexual predisposition; (iii) the age of consent in New Mexico; and (iv) the alleged victim's mental health.  Christy never filed a written response, but at the April 21-22 hearing, raised some arguments against the Motion.

At the hearing, Christy stated that he did not foresee the need to present at trial any out-of-court statements he had made in the past.  <u>See</u> Transcript of Hearing at 315:8-13 (taken April 22, 2011)(Doc. 130)("Tr.")(Court, McMillian).  He stated that he may need to present under rule 106, the rule of completeness, statements that he had made to counter any inaccurate impression or unfair prejudice that arose from a particular statement being taken out of context.  <u>See</u> Tr. at 315:17-316:9 (Court, McMillian).  Later in the hearing, Christy also indicated that he intends to present out-of-court statements he has made that would potentially negate a finding that he had the requisite mental state to commit the offense of Transportation with Intent to Engage in Criminal Sexual Activity.  <u>See</u> Tr. at 321:23-322:10 (Court, McMillian).

With respect to the alleged victim's past sexual behavior or sexual predisposition, Christy stated that, at this time, he did not see any need to present evidence of the alleged victim's past sexual behavior or alleged sexual predisposition.  <u>See</u> Tr. at 314:21-24 (Court, McMillian).  He said he would file a subsequent motion in limine if a further investigation into the alleged victim revealed a need to present this evidence.  <u>See</u> Tr. at 315:1-3 (McMillian). Christy further represented that he did not have any problems with the United States' request that he may not present evidence regarding the age of consent in New Mexico.  <u>See</u> Tr. at 312:7-9 (McMillian).

With respect to the United States' request that the Court bar evidence of the alleged victim's mental health, the United States has argued in its Motion that Christy may not present this evidence because it is irrelevant.  <u>See</u> Motion at 5-7.  More specifically, the United States

contends that this evidence would only go towards establishing a necessity defense.  See Motion at 5-7.  The United States argues that Christy cannot meet the burden of production to allow the jury to consider a necessity defense.  See Motion at 5-7.  Alternatively, the United States argues that the Court should exclude this evidence under rule 403.  See Motion at 7.  At the hearing, Christy stated that he did not intend to present a necessity defense at trial.  See Tr. at 318:16-20 (Court, McMillian).  Christy argued, however, that this evidence of the alleged victim's mental health is relevant for two other purposes: (i) to impeach the alleged victim at trial; and (ii) to negate the United States' contention that Christy had the requisite mental state to commit the offense of Transportation with Intent to Engage in Criminal Sexual Activity.  The United States continued to argue at the hearing that Christy's intention is to present this evidence for the purposes of raising a necessity defense.  See Tr. at 324:4-15 (Kastrin).  The United States also argued that this evidence should be excluded under rule 403 given that Christy has allegedly committed acts similar to the currently charged offense with other young women, the evidence is highly prejudicial, the evidence would inflame the passions of the jury, and the evidence would confuse the real issues at trial.  See Tr. at 324:19-325:8 (Kastrin).  Lastly, the United States pointed to various privacy concerns of the alleged victim such evidence would implicate if the Court admitted it.  See Tr. at 319:13-25 (Kastrin).  Christy stated at the hearing that he would limit the presentation of this evidence to cross examination only and not present extrinsic evidence regarding the alleged victim's mental health history.  See Tr. at 320:15-25 (Court, McMillian).

## RELEVANT LAW REGARDING 18 U.S.C. § 2423(a)

The statutory section 18 U.S.C. § 2423(a) is part of Chapter 107, entitled "Transportation for Illegal Sexual Activity and Related Crimes."  Under § 2423(a), anyone "who knowingly

transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense" commits an offense under this section. 18 U.S.C. § 2423(a) (2006).  Criminal sexual activity need not be the dominant purpose of the interstate travel to support a conviction under this statute, but the criminal sexual activity must not have been merely incidental to the trip.  See United States v. Hayward, 359 F.3d 631, 637 (3d Cir. 2004).

## RELEVANT LAW REGARDING THE RULE OF COMPLETENESS

Rule 106 sets forth the rule of completeness.  Rule 106 states: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."  Fed. R. Evid. 106.  By allowing the other party to present the remainder of the writing or recorded statement immediately rather than later on cross-examination, this rule avoids the situation where a statement taken out of context "creates such prejudice that it is impossible to repair by a subsequent presentation of additional material."  Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171 n.14 (1988).  Rule 106 by its terms does not apply to oral conversations, but only to writings and recorded statements.  See Fed. R. Evid. 106.

## RELEVANT LAW REGARDING THE NECESSITY DEFENSE

The necessity defense may excuse an otherwise unlawful act if the defendant demonstrates the following: (i) there is no legal alternative to violating the law; (ii) the harm to be prevented is imminent; and (iii) a direct, causal relationship is reasonably anticipated to exist between the defendant's action and the avoidance of harm.  See United States v. Al-Kekabi, 454

F.3d 1113, 1121 (10th Cir. 2006).  This defense may be asserted "only by a defendant who was confronted with . . . a crisis that did not permit a selection from among several solutions, some of which did not involve criminal acts."  See United States v. Al-Kekabi, 454 F.3d at 1121.  To qualify for a jury instruction on an affirmative defense such as necessity, a defendant must produce evidence of each element sufficient to warrant its consideration by the jury.  See United States v. Al-Kekabi, 454 F.3d at 1122 (citing United States v. Bailey, 444 U.S. 394, 415 (1980)).  The necessity defense should be strictly and parsimoniously applied.  See United States v. Al-Kekabi, 454 F.3d at 1122.  The trial judge has discretion in deciding whether to present a necessity defense instruction to the jury.  See United States v. Al-Kekabi, 454 F.3d at 1123.

The necessity defense is distinct from the requisite mental state that a statute requires the United States to prove for the defendant to be found guilty of the charged offense.  The necessity defense acts as an affirmative defense to the charged offense that the defendant has the burden to prove by a preponderance of the evidence.  See United States v. Al-Kekabi, 454 F.3d at 1122.  The United States has no obligation to disprove the defense.  See United States v. Al-Kekabi, 454 F.3d at 1122.  This defense allows the defendant to avoid liability even though he in fact had the requisite mental state to commit the crime.  See Dixon v. United States, 548 U.S. 1, 7 (2006).

## RELEVANT LAW REGARDING IMPEACHMENT

Presenting evidence for the purpose of impeaching a witness also differs from presenting evidence for the purpose of establishing a necessity defense.  Evidence may be limited to a specific purpose, such as for impeachment purposes only.  See Fed. R. Evid. 105.  Additionally, cross examination serves as "the principal means by which the believability of a witness and the truth of his testimony are tested."  Davis v. Alaska, 415 U.S. 308, 316 (1974).  As the Supreme Court of the United States stated in Davis v. Alaska: "Subject always to the broad discretion of a

trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness."  415 U.S. at 316.   "[C]ross-examination pertinent to the credibility of a witness and for the development of facts that may tend to show bias or prejudice should be given the largest possible scope."  Abeyta v. United States, 368 F.2d 544, 545 (10th Cir. 1996) (internal quotation marks omitted).

In a criminal case, unduly restricting a defendant's cross examination of a witness, such as limiting the defendant's ability to impeach witnesses, can violate the Confrontation Clause. See Davis v. Alaska, 415 U.S. at 316.   Additionally, a court may violate the Confrontation Clause when it "preludes an entire relevant area of cross-examination."   United States v. Robinson, 583 F.3d 1265, 1274 (10th Cir. 2009)(quoting United States v. Montelongo, 420 F.3d 1169, 1175 (10th Cir. 2005)).  More specifically, unduly restricting a criminal defendant's ability to impeach a witness on his or her history of mental illness violates the Confrontation Clause, including the failure to admit the witness' medical records where appropriate.  See United States v. Robinson, 583 F.3d at 1274-76.  As the United States Court of Appeals for the Tenth Circuit stated in United States v. Robinson:

> As noted above, credibility concerns not only veracity, but the witness's capacity to observe, remember, or narrate both at the time of the trial and at the time of the event.  Had the jury learned that the CI had recently admitted to hearing voices, seeing things out the window that [were] not really there, and experiencing suicidal ideation, it could have reasonably concluded that the CI had a reduced capacity to observe, remember, and recount.

583 F.3d at 1275-76 (alteration in original)(citations omitted)(internal quotation marks omitted).

## RELEVANT LAW REGARDING HEARSAY AND
## THE STATE-OF-MIND EXCEPTION TO THE HEARSAY RULE

Hearsay testimony is generally inadmissible.  See Fed. R. Evid. 802.  Under Federal Rule of Evidence 801(c), "hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).  A statement that may otherwise be hearsay may properly be offered for the non-hearsay purpose of showing the statement's effect on the listener.  See United States v. Nieto, 60 F.3d 1464, 1468 (10th Cir. 1995).  Furthermore, a party may properly offer a statement for the non-hearsay purpose of showing the declarant's motive or intent for their behavior.  See United States v. Salameh, 152 F.3d 88, 112 (2d Cir. 1998); Denison v. Swaco Geolograph Co., 941 F.2d 1416, 1423 (10th Cir. 1991).

The Federal Rules of Evidence also contain a number of exceptions to the hearsay prohibition.  See Fed. R. Evid. 803, 804.  One of these exceptions, rule 803(3), excepts from the general bar on hearsay "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)."  Fed. R. Evid. 803(3).  As stated in the text of this provision, a statement of the declarant's intent falls within this state-of-mind exception.  See Fed. R. Evid. 803(3).  See also Thornburg v. Mullin, 422 F.3d 1113, 1127-28 (10th Cir. 2005).  The state of mind of the declarant must, of course, be relevant for such a statement to be admissible.  See Fed. R. Evid. 401.

## LAW REGARDING RULE 403

Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

-8-

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. See United States v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989). "[I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under rule 403]." United States v. Pettigrew, 468 F.3d 626, 638 (10th Cir. 2006)(quoting United States v. Sides, 944 F.2d 1554, 1563 (10th Cir. 1991)). The Tenth Circuit has recently reminded district courts that they should be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." United States v. Smalls, 605 F.3d 765, 787 (10th Cir. 2010).

The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion, see United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999), and the trial court's discretion to balance possible unfair prejudice against probative value is broad, see United States v. Bice-Bey, 701 F.2d 1086, 1089 (4th Cir. 1983); United States v. Masters, 622 F.2d 83, 87-88 (4th Cir. 1980). As the Supreme Court recently noted:

> In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings . . . . This is particularly true with respect to Rule 403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008)(quoting 1 S. Childress & M. Davis, Federal Standards of Review § 4.02, at 4-16 (3d ed. 1999)). See United States v. Abel, 469 U.S. 45, 54 (1984) ("Assessing the probative value of [proffered evidence], and weighing

any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .").

Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter. See United States v. Rodriguez, 192 F.2d 946, 951 (10th Cir. 1999). Evidence is not unfairly prejudicial merely because it damages a party's case. See United States v. Caraway, 543 F.3d 1290, 1301 (10th Cir. 2008); United States v. Curtis, 344 F.3d 1057, 1067 (10th Cir. 2003); United States v. Martinez, 938 F.2d 1078, 1082 (10th Cir. 1991). Rather, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Caraway, 453 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee note).

## ANALYSIS

The Court will grant the United States' Motion in part and deny the Motion in part. Christy does not contest that he may not present evidence regarding the alleged victim's past sexual behavior or alleged sexual predisposition, and the age of consent in New Mexico. Thus, the Court will grant the Motion to the extent that it will preclude mention of these topics. Christy also may not present any out-of-court statements he has made, including statements made to investigating agents and the alleged victim other than on two specific issues. The Court will deny the Motion with respect to: (i) Christy's ability to present evidence under rule 106; and (ii) evidence that reflects his state of mind in the form of nonhearsay or under rule 803(3) if it relates to Christy's intent to commit an offense under 18 U.S.C. § 2423(a), Transportation with Intent to Engage in Criminal Sexual Activity.

The Court will also preclude the presentation of evidence of the alleged victim's mental health insofar as Christy may use that evidence to present a necessity defense. The Court will not, however, preclude Christy from presenting impeachment evidence, statements by Christy that reflect his intent, and evidence regarding the alleged victim's mental health for purposes of showing its effect on Christy. This evidence does not go to a necessity defense, as the United States argues, but instead is permissible impeachment evidence and permissible evidence that Christy lacked the requisite mental state of the charged offense. Admission of this evidence does not violate rule 403. That Christy stated at the hearing that he does not intend to present extrinsic evidence on the alleged victim's mental health alleviates many of the rule 403 concerns. With respect to extrinsic evidence of the alleged victim's mental health offered for any purpose, the Court will grant the Motion.

**I.     THE COURT WILL, WITH TWO EXCEPTIONS, PRECLUDE CHRISTY FROM PRESENTING ANY OUT-OF-COURT STATEMENTS THAT HE HAS MADE.**

The United States first seeks to preclude Christy from mentioning any of his out-of-court statements. As a general proposition, the United States' Motion has a sound basis, as a defendant should not elicit in the government's case in chief his own statements, thus evading the government if he decides not to testify in his case. Nevertheless, there are some circumstances in which it is proper for the defendant to elicit his statements.

**A.     SOME OF CHRISTY'S OUT-OF-COURT STATEMENTS ARE ADMISSIBLE UNDER RULE 106.**

Christy conceded at the hearing that the United States is correct that his out-of-court statements generally qualify as hearsay and thus are not admissible. See Fed. R. Evid. 801, 802. Under the admission-by-party-opponent rule, on the other hand, a party's statements may generally be offered as nonhearsay if "[t]he statement is offered against a party and is (A) the

party's own statement, in either an individual or a representative capacity."  Fed. R. Evid. 801(d)(2) (emphasis added).  A defendant generally cannot properly elicit from government witnesses his statements to them in the government's case in chief and then sit silently in his case in chief.  See, e.g, United States v. Bond, 87 F.3d 695, 699-700 (5th Cir. 1996)("The transcript was not admissible under Fed. R. Evid. 801(d)(1)(B) because Bond did not testify.  It was not admissible as an admission by a party-opponent because it was not 'offered against a party' within the meaning of Fed. R. Evid. 801(d)(2); Bond offered the transcript to benefit himself.").  Given the large amount of written conversations between Christy and the alleged victim, rule 106 would require the admission of some of Christy's out-of-court statements if the remainder of the writing or recorded statement "ought in fairness to be considered contemporaneously with" the portion offered by the United States.  See Fed. R. Evid. 106. Allowing the United States to present these written conversations without the remainder of the conversation would potentially create "such prejudice that it [would be] impossible to repair by a subsequent presentation of additional material."  See Beech Aircraft Corp. v. Rainey, 488 U.S. at 171 n.14.

**B.     SOME OF CHRISTY'S OUT-OF-COURT STATEMENTS ARE ADMISSIBLE AS NONHEARSAY TO CIRCUMSTANTIALLY DEMONSTRATE HIS INTENT OR LACK THEREOF, OR UNDER THE HEARSAY EXCEPTION IN RULE 803(3).**

Additionally, some of Christy's out-of-court statements may be admissible as nonhearsay to circumstantially prove his state of mind or under rule 803(3), the state-of-mind exception to the hearsay rule.  Christy argued at the hearing that some of the out-of-court statements he has made could potentially negate the requisite mental state required under 18 U.S.C. § 2423(a), Transportation with Intent to Engage in Criminal Sexual Activity.  That statute requires proof

that a person "knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense."   18 U.S.C. § 2423(a) (emphasis added).   The statute contains a requisite mental state as an element of the offense; the key phrase with respect to Christy's argument at the hearing is "with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense."   See 18 U.S.C. § 2423(a).   Christy argued at the hearing that his conversations with the alleged victim potentially demonstrate that he traveled to see the alleged victim to prevent her from harming herself or to help her.   See Tr. at 84:25-85:4, 86:2-5 (McMillian, Court).  This evidence would potentially negate the requisite mental state the United States would be required to prove and is thus relevant.   See 18 U.S.C. § 2423(a); Fed. R. Evid. 401, 402.

Because the charged offense makes Christy's intent and state of mind relevant, the Court will not preclude Christy pretrial from offering some of his out-of-court statements circumstantially to negate his intent to commit an offense or under the state-of-mind hearsay exception in rule 803(3).  Christy may properly offer statements he has made for the non-hearsay purpose of showing his motive or intent, or lack thereof, for his behavior.  See United States v. Salameh, 152 F.3d at 112; Denison v. Swaco Geolograph Co., 941 F.2d at 1423.  Additionally, Christy may offer any of his statements that fall within the confines of rule 803(3) to prove his state of mind or, more specifically, his intent.  This hearsay exception excepts from the general bar on hearsay "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)."  Fed. R. Evid. 803(3) (emphasis added).

-13-

Contrary to the United States' contention, Christy's out-of-court statements do not go solely towards proving a necessity defense. The necessity defense is an affirmative defense which a criminal defendant has the burden of proving by a preponderance of the evidence. See United States v. Al-Kekabi, 454 F.3d at 1122. The necessity defense allows the defendant to avoid liability even though he had the requisite mental state to commit the crime. See Dixon v. United States, 548 U.S. at 7. Christy has stated at the hearing that he does not intend to raise the necessity defense, and therefore the Court will preclude introduction of evidence to establish that defense.[1]

## II. THE COURT WILL LIMIT, BUT NOT ENTIRELY PRECLUDE, CHRISTY'S USE OF EVIDENCE OF THE ALLEGED VICTIM'S MENTAL HEALTH.

Because Christy does not intend to offer a necessity defense, the Court will preclude him from introducing evidence of the alleged victim's mental health to establish that defense. Her mental health may, however, be admissible for other purposes. The Court will not, pretrial, preclude the introduction of any evidence of her mental health.

### A. EVIDENCE CONCERNING THE ALLEGED VICTIM'S MENTAL HEALTH MAY BE ADMISSIBLE FOR PURPOSES OF IMPEACHMENT.

Christy represented at the hearing that he did not intend to present a necessity defense, but that he might use evidence of the alleged victim's mental health to impeach her testimony at trial. The United States countered that this evidence would only go towards establishing a

---

[1] The Court will grant the Motion and preclude Christy from presenting evidence of: (i) the alleged victim's past sexual behavior or sexual predisposition; and (ii) the age of consent in New Mexico. At the hearing, Christy stated that, at this time, he did not see any need to present evidence of the alleged victim's past sexual behavior or alleged sexual predisposition. See Tr. at 314:21-24 (Court, McMillian). He said he would file a subsequent motion in limine if a further investigation into the alleged victim revealed a need to present this evidence. See Tr. at 315:1-3 (McMillian). Christy further represented that he did not object to the United States' request that he may not present evidence regarding the age of consent in New Mexico. See Tr. at 312:7-9 (McMillian).

necessity defense.  The United States is incorrect that the only relevant purpose for which Christy could offer this evidence is to establish a necessity defense.

Cross examination serves as "the principal means by which the believability of a witness and the truth of his testimony are tested."  Davis v. Alaska, 415 U.S. at 316.  "The cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness."  Davis v. Alaska, 415 U.S. at 316.  The necessity defense is an affirmative defense that the defendant must prove by a preponderance of the evidence.  See United States v. Al-Kekabi, 454 F.3d at 1122.  More specifically, the necessity defense allows the defendant to avoid liability even though he had the requisite mental state to commit the crime.  See Dixon v. United States, 548 U.S. at 7.  In comparison, a witness' credibility implicates that witness' believability in the eyes of the jury.  See Davis v. Alaska, 415 U.S. at 316.  Thus, Christy has a proper purpose to present this evidence regarding the alleged victim's mental health, i.e., to attack her believability.  The Court can mitigate any concerns which the United States has that Christy will use the evidence to raise a necessity defense with a limiting instruction and omitting any instruction on a necessity defense from the jury charge.

**B.    EVIDENCE CONCERNING THE ALLEGED VICTIM'S MENTAL HEALTH MAY BE ADMISSIBLE TO SHOW ITS EFFECT ON CHRISTY.**

Christy argued at the hearing that evidence regarding the alleged victim's mental health could potentially negate his criminal intent to commit an offense under 18 U.S.C. § 2423(a), as the jury may believe he had other reasons for engaging in some of his conduct.  See Tr. at 84:25-85:4, 86:2-5 (McMillian, Court).  The United States countered that this evidence would only go towards establishing a necessity defense.  The United States is incorrect that the only relevant

purpose for which Christy could offer this evidence is to establish a necessity defense. To the extent that there is an argument that this evidence is hearsay, the evidence would not likely qualify as hearsay.

Under rule 801(c), "hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A statement that may otherwise be hearsay may properly be offered for the non-hearsay purpose of showing the statement's effect on the listener. See United States v. Nieto, 60 F.3d at 1468. Christy effectively made this argument at the hearing, that statements made by the alleged victim to Christy would be admissible to show their effect on him with respect to his presence or absence of criminal intent. The requisite mental state the United States must prove as part of an offense is distinct from the elements of a necessity defense, which is an affirmative defense. See 18 U.S.C. § 2423(a);  Dixon v. United States, 548 U.S. at 7; United States v. Al-Kekabi, 454 F.3d at 1122. The Court can mitigate any concerns which the United States has that Christy will use the evidence raise a necessity defense with a limiting instruction and omitting any instruction on a necessity defense from the jury charge.

## III.   **THE PROFFERED EVIDENCE IS ADMISSIBLE UNDER RULE 403.**

The United States has argued in its brief and at the hearing that the admissible evidence of out-of-court statements and the alleged victim's mental health which Christy intends to offer violates rule 403. This evidence is probative to prove that: (i) Christy lacked the requisite criminal intent to commit the charged offense under 18 U.S.C. § 2423(a); and (ii) the alleged victim is not a credible witness.

Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. See United States v. Record, 873 F.2d at 1375. "[I]t is

only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under rule 403]." United States v. Pettigrew, 468 F.3d at 638 (quoting United States v. Sides, 944 F.2d at 1563). The Tenth Circuit has recently reminded the district courts that they should be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." United States v. Smalls, 605 F.3d at 787. Additionally, excluding impeachment evidence under rule 403 in a criminal case raises potential Confrontation Clause concerns. See Davis v. Alaska, 415 U.S. at 316. These Confrontation Clause concerns are present when a judge limits the defendant's ability to impeach a witness on his or her mental history where relevant. See United States v. Robinson, 583 F.3d at 1274-76. As the Tenth Circuit stated in United States v. Robinson:

> As noted above, credibility concerns not only veracity, but the witness's capacity to observe, remember, or narrate both at the time of the trial and at the time of the event. Had the jury learned that the CI had recently admitted to hearing voices, seeing things out the window that [were] not really there, and experiencing suicidal ideation, it could have reasonably concluded that the CI had a reduced capacity to observe, remember, and recount.

583 F.3d at 1275-76 (alteration in original)(citations omitted)(internal quotation marks omitted).

Because the unfair prejudice and other negative effects of this evidence, when offered for a proper purpose, do not substantially outweigh the evidence's probative value, the Court should not exclude the evidence under rule 403. See United States v. Pettigrew, 468 F.3d at 638. The probative value of the evidence that the United States argues should not be admissible is moderate to moderately high. It impeaches a potentially key witness for the United States -- the alleged victim. Additionally, the evidence potentially negates the requisite mental state of one -- although not all -- of the charged offenses. The balance weighs in favor of admitting the

evidence for the following reasons: (i) the requisite mental state element of the charged offense 18 U.S.C. § 2423(a) is one of the key elements of that offense which the United States must prove; and (ii) excluding the evidence could potentially result in a violation of Christy's Confrontation Clause right to impeach a potentially key witness in the case.  See 18 U.S.C. § 2423(a); Davis v. Alaska, 415 U.S. at 316; United States v. Robinson, 583 F.3d at 1274-76. The United States is correct that the evidence regarding the alleged victim's mental health could potentially evoke some level of emotional response in the jury.  It is difficult to say, however, that those concerns substantially outweigh the evidence's probative value.  See United States v. Pettigrew, 468 F.3d at 638.  Because Christy has agreed not to present extrinsic evidence of the alleged victim's mental health, see Tr. at 320:15-25 (Court, McMillian), the risk of confusing the genuine issues at trial will be less significant.  This agreement by Christy will also alleviate some of the alleged victim's legitimate privacy concerns.  With respect to the United States' argument that Christy has engaged in similar conduct with young women in the past and that admitting this evidence would mislead the jury, the United States has other evidentiary tools at its disposal to counteract such an effect.  Given that the United States has the burden of arguing that the Court should exclude this evidence under rule 403, the United States has not demonstrated that it can overcome the countervailing concerns of excluding the evidence under rule 403.  See Fed. R. Evid. 403; United States v. Pettigrew, 468 F.3d at 638.  As the Tenth Circuit has stated, "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." United States v. Smalls, 605 F.3d at 787. If the evidence of out-of-court statements and the alleged victim's mental health are otherwise admissible, then there is no sound reason to exclude that evidence under rule 403.

**IT IS ORDERED** that the United States' Motion in Limine for Pretrial Ruling (Doc. 53), is granted in part and denied in part. Christy may not present any out-of-court statements he has made other than on two specific issues. The Motion is denied with respect to Defendant Edward Christy's ability to present evidence: (i) under rule 106 of the Federal Rules of Evidence; and (ii) as nonhearsay or under the state-of-mind hearsay exception contained in rule 803(3) to negate his intent to commit an offense under 18 U.S.C. § 2423(a). Christy may not present evidence of the alleged victim's past sexual behavior or alleged sexual predisposition. Christy may not present evidence regarding the age of consent in New Mexico. Christy may not present any evidence of a necessity defense. The Motion is denied pretrial with respect to: (i) Christy presenting impeachment evidence; (ii) Christy presenting statements he has made that would negate his intent to commit an offense under 18 U.S.C. § 2423(a); and (iii) Christy presenting evidence of the alleged victim's mental health to show its effect on Christy to the extent it would negate his intent to commit an offense under 18 U.S.C. § 2423(a). Christy will not present of extrinsic evidence of the alleged victim's mental health.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Charlyn E. Rees
Holland S. Kastrin
  Assistant United States Attorneys
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Lee P. McMillian
Law Offices of Lee McMillian, P.C.
South Houston, Texas

*Attorney for the Defendant*