**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                       No. CR 10-1534 JB

EDWARD CHRISTY,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendant Edward Christy's Motion to Reconsider Sentence, filed August 17, 2012 (Doc. 225)("Motion").  The primary issue is whether the Court has authority to modify Christy's sentence by modifying the length of Christy's supervised release or recommending he serve his imprisonment in a sex offender treatment program. The Court will deny the Motion.  Under the circumstances presented, the Court does not have the statutory authority to grant the relief that Christy requests.

**PROCEDURAL BACKGROUND**

      Christy, pursuant to a Plea Agreement, filed September 30, 2011 (Doc. 37), pled guilty to the Indictment, filed May 26, 2010 (Doc. 2), charging him in Count I with a violation of 18 U.S.C. § 2422(a), Coercion and Enticement, and in Count II, a violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256, that being Possession of a Matter Containing Visual Depictions of Minors Engaged in Sexually Explicit Conduct.  The parties agree to a sentence for "a term of imprisonment of 9 years (108 months)." Plea Agreement ¶ 9(a), at 5.  Both Christy and the Plaintiff United States of America further agree that "neither a request for an upward departure nor a request for downward departure is permitted by either of the parties." Plea Agreement ¶ 9(c), at 5.  Christy understands

and agrees that "by pleading guilty, the Defendant will be required to register as a sex offender upon the Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d)." Plea Agreement ¶ 20, at 13. He agrees to waive his right to appeal his "conviction and any sentence that is consistent with the sentence agreed to by the parties in this agreement, as well as any fine and/or restitution ordered by the Court." Plea Agreement ¶ 22, at 15.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Christy in December 2011. In the PSR, the USPO calculates Christy's total offense level for both counts to be thirty-one (31). See PSR ¶ 65, at 20. The PSR applies a base offense level of twenty-four (24) for coercion and enticement pursuant to U.S.S.G. § 2G1.3. See PSR ¶ 50, at 17. The PSR includes a 2-level upward adjustment under U.S.S.G. §2G1.3(b)(2)(B), because the age difference between Christy and Doe constituted Christy unduly influencing a minor to engage in a sexual act. See PSR ¶ 51, at 17. The PSR includes a further 2-level upward increase under U.S.S.G. § 2G1.1(b)(4), because the offense involved a sex act or sexual contact. See PSR ¶ 53, at 18. Christy's total offense level for Count I, coercion and enticement, therefore, is thirty (30). See PSR ¶ 57, at 18. The PSR applies a base offense level for possession of child pornography of eighteen (18) pursuant to U.S.S.G. § 2G2.2(a)(2). See PSR ¶ 59, at 19. The PSR includes a 2-level upward adjustment under U.S.S.G. § 2G2.2(b)(2), because the material in Christy's possession involved a prepubescent minor. See PSR ¶ 60, at 19. The PSR also includes a 4-level upward adjustment pursuant to U.S.S.G. § 2G2.2(b)(4) because the material portrayed sadistic or masochistic abuse. See PSR ¶ 61, at 19. The PSR includes a 5-level upward adjustment under U.S.S.G. § 2G2.2(b)(5) for Christy's engaging in a pattern of the activity, see PSR ¶ 62, at 19, and a 2-level upward adjustment under U.S.S.G. § 2G2.2(b)(6), because the commission of the offense involved the use of a computer. See PSR ¶ 63, at 19-20. The PSR finally contains a 5-level upward

adjustment, pursuant to U.S.S.G. § 2G2.2(b)(7)(C), for Christy's possession of over 600 images of child pornography.  See PSR ¶ 64, at 20.  The PSR calculates an adjusted offense level of thirty-six (36) for Count II.  See PSR ¶ 68, at 20.

After making an adjustment for the multiple counts under U.S.S.G. § 3D1.4, the USPO calculates a combined adjusted offense level of thirty-seven (37).  See PSR ¶¶ 69-75, at 20.  The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Christy's acceptance of responsibility.  See PSR ¶ 76, at 20.  The PSR calculates a total offense level of thirty-four (34).  See ¶ 77, at 20.  The PSR lists his criminal history category as I, based on 0 criminal history points.  See PSR ¶ 80, at 21.  The PSR calculates that an offense level of thirty-four (34) and a criminal history category of I results in a guideline imprisonment range of 151 to 188 months.  See PSR ¶ 107, at 27

At the sentencing hearing on May 23, 2012, the Court sentenced Christy to 108-months imprisonment, with a lifetime of supervised release.  See Sentencing Minute Sheet at 1, filed May 23, 2012 (Doc. 227); Motion ¶ 12, at 2..  At the hearing, the Court then heard testimony from Dr. Carmen Petzold regarding an appropriate term of supervised release for Christy, and, specifically, Christy's risk of recidivism.  Dr. Petzold testified that she spent approximately sixty hours working on Christy's case and about fourteen hours in diagnostic interviews with him.  See Transcript of Hearing at 6:3-7 50:14-51:1 (taken May 23, 2012)("Tr.")(McMillian, Petzold);[1]  Motion ¶ 6, at 2 ("Defendant presented the testimony of Dr. Carmen Petzold, Ph.D., . . . who described more than 60 hours of work performed in interviewing, testing, and evaluating Mr. Christy.").  Dr. Petzold stated that, based on Christy's history, there were not many indicators suggesting that he would be

---

[1]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

likely to commit crimes. See Tr. at 55:22-56:12, 59:12-59:1 (Petzold). Dr. Petzold concluded that Christy is not a pedophile, because he does not have ongoing sexual fantasies or interest in prepubescent individuals, and because Doe consented to the sexual acts in question. See Tr. at 71:1-7 (Petzold). On August 2, 2012, the Court filed its Memorandum Opinion and Order. See Doc. 221 ("MOO"). In its MOO, the Court stated that it was granting Christy's request for a sentence of 108-months, but denying his request for a 5-year term of supervised release; instead, the Court granted the United States' request for lifetime supervised release. See MOO at 95.

On August 17, 2012, Christy filed his Motion seeking the that the Court "reconsider that portion of the Order . . . imposing a sentence of lifetime supervised release upon Defendant's release . . . , as well as the Court's omission of a recommendation to the Bureau of Prisons for placement in the sex offender treatment program." See Motion at 1. Christy asserts that the Court "declined to act on the recommendations of the only relevant expert, and declined to give consideration of the only competent evidence presented by any party." Motion ¶ 12, at 2. He asserts that, "[t]he Court has apparently disregarded the competent and relevant evidence before it in the matter . . . and instead relied upon a ten-year-old study promulgated by the Department of Justice and not since updated." Motion ¶ 1, at 3. Christy:

> respectfully request the Court to reconsider the evidence and testimony before it, reconsider the conclusions drawn from the evidence, and resentence Mr. Christy to 108 months of incarceration, and five years of supervised release, with a written recommendation to the Bureau of Prisons that Mr. Christy serve his sentence of incarceration in a sex offender treatment program, such as the one available at the Seagoville, Texas F.C.I.

Motion at 1.

The United States filed the United States' Response in Opposition to Defendant's Motion to Reconsider Sentence on August 23, 2012. See Doc. 229("MTR Response"). The United States

argues that Christy's motion should be denied because: (i) the "motion is time-barred by Federal Rule of Criminal Procedure 35(a)," and (ii) the motion "does not meet the standard set forth in Rule 35(a)." MTR Response at 1. The United States asserts that a district court may only modify a sentence in three circumstances, pursuant to 18 U.S.C. § 3582(c):

> (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons;"(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" and (3) in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission.

MTR Response at 2 (quoting 18 U.S.C. § 3582(c)). The United States asserts that Christy can only seek to modify his sentence under rule 35, which permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error . . . [w]ithin 14 days after sentencing." MTR Response (quoting Fed. R. Crim. P. 35(a)). The United States contends that Christy's Motion, filed on August 17, 2012, is time-barred because the Court sentenced Christy on May 23, 2012. See MTR Response at 3.

The United States argues that, even if the Motion were not time-barred, because "the Court's sentencing did not include any 'arithmetical, technical, or other clear error,'" the Court should deny Christy's motion. MTR Response at 3. It contends that Christy's motion is an attempt to "reopen issues resolved at the sentencing hearing," rather than a request that the Court modify its sentence in light of an arithmetical or technical defect. MTR Response at 3-4. The United States argues that the Court should deny the Motion, because the Motion shows that Christy "simply disagrees with the Court's decision," but it states that "disagreement does not support a finding of clear error -- the standard required by Rule 35(a)." MTR Response at 4.

## LAW REGARDING MODIFICATION OF SENTENCES

"A district court does not have inherent authority to modify a previously imposed sentence;

it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Accord United States v. Christy, No. 10-1534, 2012 WL 3150352, at *4-5 (D.N.M. July 16, 2012)(Browning, J.); United States v. Padilla, No. 09-3598, 2012 WL 2175749, at *2 (D.N.M. May 31, 2012)(Browning, J.); United States v. Vigil, No. 05-2051, 2010 WL 2301708, at *3-4 (D.N.M. May 4, 2010)(Browning, J.); United States v. Myers, 375 F.Supp.2d 1293, 1296 (D.N.M. 2005)(Browning, J.). As the United States Court of Appeals for the Tenth Circuit has explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996)(footnote omitted)(citation omitted).[2] Rule 35 authorizes a district court to reduce or correct a sentence in certain situations. See Fed. R. Crim. P. 35. "'[S]entencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c). Under rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."[3] Fed. R. Crim. P. 35(a). The Tenth Circuit has referred to the term sentence as meaning "the punishment imposed." United

---

[2] Congress has twice amended 18 U.S.C. § 3582, in 1996 and in 2004, since the Tenth Circuit's decision in United States v. Blackwell; however, neither of these amendment substantively affects the Tenth Circuit's analysis.

[3] Amendments that took effect on December 1, 2009, extended the period of time in which a court can correct these "clear" errors from seven days to fourteen days.

States v. Wittig, 206 F.App'x 763, 769 (10th Cir. 2006)(unpublished).  "A sentence is formally imposed at the point when the district court announces it from the bench, and not at the point when the written judgment of order and commitment is entered -- meaning that Rule 35's seven-day period runs from the oral imposition of the sentence."  United States v. Mendoza, 543 F.3d 1186, 1195 n. 7 (10th Cir. 2008)(emphasis in original).  Under subsection (b), a court may reduce a sentence for substantial assistance in certain situations "[u]pon the government's motion."  Fed. R. Crim. P. 35(b).

Rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  The Tenth Circuit has held that rule 36 "allows correction of only non-substantive errors, and does not 'give the court authority to substantially modify a Defendant's sentence.'"  United States v. Lonjose, 663 F.3d 1292, 1299 n. 7 (10th Cir. 2011).  The United States Court of Appeals for the Third Circuit has similarly stated: "[C]ourts and commentators are thus unanimous that Rule 36 may not be used to amend a sentence to include an additional term of imprisonment, fine, or imposition of costs."  United States v. Bennett, 423 F.3d at 278.  The United States Court of Appeals for the Fifth Circuit has stated that "Rule 36 [is] the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments."  United States v. Spencer, 513 F.3d 490, 491 (5th Cir. 2008).  The United States Court of Appeals for the Second Circuit has stated that "Rule 36 covers only minor, uncontroversial errors."  United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995).

The Third Circuit has explained how rule 36 operates:

While Rule 36 allows a court to correct clerical errors or errors of oversight or omission "in the record," it only allows correction of clerical errors in the judgment or order.  This difference in language is important.  While Rule 36 provides a broad

> mandate to correct a variety of errors in ancillary parts of the record -- the dates of documents, the indictment, etc. -- it provides only a strictly limited authority to correct the court's judgment or order. The judgment of a court, unlike the rest of the court's record, has legal effect; substantive changes to the judgment may normally be made only by appellate review or similar procedures.

United States v. Bennett, 423 F.3d at 278 (quoting 26 J. Moore, Moore's Federal Practice ¶ 636.02[3] (3d ed. 2005)). The Tenth Circuit has similarly stated that rule 36 permits the correction of "clerical-type errors" in a judgment. United States v. Blackwell, 81 F.3d at 948. Accord United States v. Vaughan, 119 F.App'x 227, 230 (10th Cir. 2004)(unpublished)("When a judgment and commitment order contains a clerical error, we may remand for correction.").

The Third Circuit has provided the following definition for a clerical error: "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis[4] might commit, mechanical in nature." United States v. Guevremont, 829 F.2d 423, 426 (3d Cir. 1987)(quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982)). The Fifth Circuit has stated, in an unpublished opinion, that, "[w]hile there may be circumstances where the line between clerical error and judicial error is unclear, we have generally found that correction of a clerical error occurs when the modification neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment." United States v. Crawley, Nos. 11-60061, 11-60065, 2012 WL 715068, at *2 (5th Cir. Mar. 6, 2012)(unpublished)(citing United States v. Spencer, 513 F.3d at 491).

In United States v. Blackwell, the Tenth Circuit reversed the district court's re-sentencing of a co-defendant seventy-two days after the original sentencing. See 81 F.3d at 946. In that case,

---

[4]An amanuensis is "a literary or artistic assistant, in particular one who takes dictation or copies manuscripts." New Oxford American Dictionary 48 (A. Stevenson & C. Lindberg eds., 3d ed. 2010).

the defendant, who received an initial sentence of 15 months imprisonment, moved the court for a re-sentencing, because, "three days prior to his sentencing, Defendant's supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah sentenced her to probation." Id.  The district court held a re-sentencing hearing seventy-two days after the original sentencing, and, at that hearing, reduced the defendant's sentence to "three-years probation, with six-months home detention." Id. at 947.  In explaining its authority to modify the defendant's sentence, the district court relied on "two alternative sources of authority . . . : (1) the court's 'inherent jurisdiction' to right injustices, and (2) Fed. R. Crim. P. 35." Id.

The Tenth Circuit rejected the district court's reliance on rule 35, rule 36, and its "inherent authority," and concluded that "the court lacked jurisdiction to resentence Defendant." United States v. Blackwell, 81 F.3d at 949.  The Tenth Circuit concluded that rule 35(a) did not apply, "because the court did not correct Defendant's sentence within seven days after the original sentence was imposed, but resentenced Defendant seventy-two days later." Id. (discussing then rule 35(c)).[5]  The Tenth Circuit also held that rule 35(b) did not apply: "Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence." Id.

## ANALYSIS

The Court does not have statutory authority to modify the sentence with the lifetime of supervised release that it imposed on Christy under the facts presented.  The lifetime supervised release is part of his sentence, or, in other words, the punishment the Court imposed on him.  Christy

---

[5]"Former Rule 35(c), which addressed the authority of the court to correct certain errors in the sentence, is now located in Rule 35(a)." Fed. R. Crim. P. 35 advisory committee's note to 2002 amendments.

has not identified, and the Court has not found, any statutory basis that would permit it to modify his sentence. Absent statutory authority, the Court does not have the authority to modify Christy's sentence.

The Tenth Circuit has referred to the term sentence as meaning "the punishment imposed." United States v. Wittig, 206 F.App'x at 769. Various Tenth Circuit cases have referred to a fine that a court imposes on a defendant at sentencing as part of a defendant's punishment. See United States v. Walter, 223 F.App'x 810, 812 (10th Cir. 2007)(unpublished table decision)("[T]he supervised-release term was not a multiple punishment but a congressionally authorized part of his original sentence."); United States v. Acuna-Diaz, 86 F.3d 1167, at *2 (10th Cir. 1996)(unpublished table opinion)("[S]upervised release is a part of the punishment for the original crime, and it is the original sentence.")(quoting 18 U.S.C. § 3583(a))(internal quotations omitted); United States v. Robinson, 62 F.3d 1282, 1286 (10th Cir. 1995)("[S]upervised release is a separate part of the original punishment."). A reconsideration and subsequent modification of Christy's supervised release, or a recommendation that he serve his sentence of incarceration in a sex offender treatment program, therefore, like a modification of Christy's term of imprisonment, requires statutory authority.

The Court sentenced Christy on May 23, 2012. Christy did not file his Motion until August 17, 2012. Under rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." For purposes of rule 35, "'sentencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c). The Court sentenced Christy over fourteen days ago, and Christy did not file his Motion until several months after the Court orally pronounced his sentence. The Court does not have authority under rule 35(a) to reduce Christy's sentence.

Under rule 35(b), "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b). Christy has made no argument that he has provided substantial assistance to the United States. The Court cannot reduce his sentence under rule 35(b).

A court can also reduce a defendant's sentence "upon motion of the defendant or the Director of the Bureau of Prisons," or on the Court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." United States v. Blackwell, 81 F.3d at 947-48. Christy has made no argument that the United States Sentencing Commission has lowered his sentencing range. Thus, the Court has no grounds to reduce his sentence on this basis.

Lastly, Christy is not alleging that there was a clerical error in his sentencing process. Rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Tenth Circuit has held that rule 36 "allows correction of only non-substantive errors, and does not 'give the court authority to substantially modify a Defendant's sentence.'" United States v. Lonjose, 663 F.3d at 1299 n.7. Christy is asking the Court to change the supervised release period it imposed based on the Court "apparently disregard[ing] the competent and relevant evidence before it," Motion ¶ 1, at 3, and not some inadvertent error that occurred in transcription of his sentence. He is not seeking to correct a clerical error such that rule 36 would permit any relief.

The Court concludes that Christy's basis for seeking a reconsideration of his sentence does not fall within the narrow set of circumstances which Congress has provided for courts to reduce sentences of criminal defendants. Consequently, the Court will deny the Motion.

**IT IS ORDERED** that the Defendant's Motion to Reconsider Sentence, filed August 17, 2012 (225), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Charlyn E. Rees
Holland S. Kastrin
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Lee P. McMillian
Law Offices of Lee McMillian, P.C.
South Houston, Texas

      *Attorney for the Defendant*