# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                   Nos. CIV 15-0881 JB/LAM
                                          CR 10-1534 JB

EDWARD CHRISTY,

        Defendant/Petitioner.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGSAND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Magistrate Judge Lourdes A. Martinez' Proposed Findings and Recommended Disposition, filed May 5, 2016 (Doc. 18)("PFRD").   On May 23, 2016, Defendant/Petitioner Edward Christy filed timely objections to the PFRD. See Petitioner's Objections to Magistrate's Proposed Findings and Recommended Disposition, filed May 23, 2016 (Doc. 19)("Objections").[1]   On June 13, 2016, Christy filed an Addendum to Docket Entry 19 -- Objections to Magistrate Judge's Proposed Findings and Recommendations (Doc. 21)("Addendum").   Plaintiff/Respondent United States of America did not file any objections to the PFRD, nor did it respond to Christy's Objections, and the deadlines for doing so have passed. The Court has conducted a de novo review of those portions of the PFRD to which Christy objects and finds that his Objections are without merit.   Accordingly, the Court will: (i) overrule Christy's Objections as lacking a sound basis in the facts of this case and in the applicable law; (ii) adopt the PFRD; (iii) grant Christy's Motion Under 18 U.S.C. § 2255 to Vacate, Set Aside, or

---

[1]On June 6, 2016, Christy also filed a document titled "Notice of Correction for the Record" which provides corrections to his objections.   See Notice of Correction for the Record, filed June 6, 2016 (Doc. 20)("Corrections").

Correct Sentence by a Person in Federal Custody, filed October 1, 2015 (Doc. 1)("First Motion"), and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed October 6, 2015 (Doc. 4)("Amended Motion")(collectively, "§ 2255 Motion"), as to the charge of Coercion and Enticement under 18 U.S.C. § 2422(a), and vacate Christy's conviction and sentence as to that offense; (iv) deny Christy's § 2255 Motion as to the charge of Child Pornography under 18 U.S.C. § 2252; (v) grant Christy's Motion to Supplement Petitioner's Reply Due to Newly-Discovered Authority, filed January 19, 2016 (Doc. 13); (vi) deny Christy's Motion for Expedited Disposition of Motion Under 28 U.S.C. § 2255, filed February 22, 2016 (Doc. 16), and his Emergency Motion for Release Pending Habeas, filed January 11, 2016 (Doc. 11)("Emergency Motion"); and (vii) dismiss this case with prejudice.

## Background

As explained in the PFRD, in May 2010, a federal grand jury returned an Indictment against Christy, see Indictment, filed May 26, 2010 (Doc. 2 in CR No. 10-1534), charging him with one count of transportation with intent to engage in criminal sexual activity, under 18 U.S.C. § 2423(a), and three counts of possession of matter containing visual depictions of minors engaged in sexually explicit conduct (hereinafter "Child Pornography"), under 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256. See Indictment at 1-3; PFRD at 4. These charges related to Christy's actions with a sixteen-year-old girl ("Minor"), which are described in the PFRD. See PFRD at 3. On September 30, 2011, the United States filed a criminal Information that charged Christy with one count of Coercion and Enticement, under 18 U.S.C. § 2422(a), and one count of Child Pornography, under 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256. See Information, filed September 30, 2011 (Doc. 193 in CR No. 10-1534). The United States entered into a plea agreement, under which Christy pled guilty to both charges

of the Information.   See Plea Agreement, filed September 30, 2011 (Doc. 195 in CR No. 10-1534).   Under the Plea Agreement's terms, the United States and Christy stipulated to a sentence of 108 months of prison time, see Plea Agreement ¶ 9(a), at 5, and Christy waived the right to appeal or collaterally attack his conviction or sentence, except on the basis of ineffective assistance of counsel in negotiating or entering the plea or the waiver provision, and he retained the right to appeal the Court's denial of his motion to suppress, see Plea Agreement at 14-15.   On May 23, 2012, the Court accepted the parties' proposed stipulated sentence, imposed two concurrent prison terms of 108 months each, and imposed concurrent lifetime supervised release terms for each count.   See Judgment, filed August 17, 2012 (Doc. 226 in CR No. 10-1534).   At the sentencing hearing, and pursuant to the Plea Agreement, the United States requested and obtained an order of dismissal of the Indictment against Christy.   See Order of Dismissal at 1, filed May 23, 2012 (Doc. 214 in CR No. 10-1534).

In his § 2255 Motion, Christy raised the following claims: (i) he is actually innocent of violating 18 U.S.C. § 2242(a); (ii) his convictions must be vacated because of violations of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174; (iii) prosecutorial misconduct; (iv) denial of his right to reasonable bail under the Eighth Amendment of the Constitution of the United States of America; (v) his guilty plea was not knowing and voluntary; (vi) his guilty plea is void *ab initio*; (vii) his equal protection rights were violated; and (viii) the state and federal statutes under which he was prosecuted are void for vagueness.   See First Motion at 2-3.   In considering the Coercion and Enticement charge, Judge Martinez noted that § 2422(a) requires the United States to prove two elements: (i) that Christy knowingly persuaded, induced, or enticed the Minor to travel in interstate commerce (ii) to engage in any sexual activity for which any person can be charged with a criminal offense.   See PFRD at 7.   Judge Martinez noted that the facts that establish the first

element, enticing interstate travel, are uncontested, and that, as support for the second element, criminal sexual activity, the United States alleged that Christy could be charged with Criminal Sexual Penetration in the Second Degree ("CSP II") pursuant to N.M. Stat. Ann. § 30-9-11(E)(5) (2009).  See PFRD at 7.  That charge required proof that Christy engaged in "criminal sexual penetration perpetrated . . . in the commission of any other felony," and the "other felon[ies]" charged by the United States were Contributing to the Delinquency of a Minor, pursuant to N.M. Stat. Ann. § 30-6-3, and Unlawful Custodial Interference, pursuant to N.M. Stat. Ann. § 30-4-4(C).  See PFRD at 7.

As the United States explains, at the time Christy and the United States were negotiating and executing the plea agreement, "under the [United States'] theory of prosecution, the fact that [the Minor] legally and factually consented to have sex with the Defendant did not matter because the sex was perpetrated in the commission of other felony offenses, thereby establishing that [Christy] could have been charged with CSP II."   United States' Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 at 7, filed December 5, 2015 (Doc. 9)("Response").   In April 2014, however, the Supreme Court of New Mexico issued State v. Stevens, 2014-NMSC-011, 323 P.3d 901, in which it disapproved of prior state cases that had supported this interpretation of the CSP II statute and "clarif[ied] that simply causing another person to engage in otherwise lawful sexual intercourse at the time a felony is being committed does not constitute the crime of criminal sexual penetration during the commission for a felony." State v. Stevens, 2014-NMSC-011, ¶ 2, 323 P.3d 901.

In the PFRD, Judge Martinez explained that, while at the time of Christy's underlying criminal case, "a fair interpretation of New Mexico's CSP II statute . . . was that engaging in consensual sex with a sixteen-year-old could be the basis for a CSP II charge in New Mexico,"

PFRD at 10, after the State v. Stevens decision, it became clear that Christy "could not have committed 'criminal sexual penetration,' which is an element of CSP II, because the facts underlying the charge against him were that he engaged in consensual sex with someone who could legally consent when the sexual activity occurred," PFRD at 11.   Judge Martinez noted that the United States concedes that the holding in State v. Stevens likely applies retroactively to Christy's plea and conviction, and that pursuant to State v. Stevens, the factual basis for Christy's guilty plea to Coercion and Enticement no longer establishes that he could have been charged with CSP II.   See PFRD at 11-12.   Judge Martinez, therefore, recommends that the Court grant Christy's § 2255 Motion as to his conviction for Coercion and Enticement, and that the Court vacate his conviction and sentence for this charge.   See PFRD at 12, 25.   As for Christy's claims regarding his Child Pornography conviction, Judge Martinez found that the waiver to collateral attack in the plea agreement is enforceable, and therefore recommends that the Court deny Christy's claims challenging his conviction for Child Pornography.[2]   See PFRD at 15.

Having recommended that the Court vacate Christy's Coercion and Enticement conviction, Judge Martinez next considered what impact vacating this conviction would have on Christy's conviction for Child Pornography.   Judge Martinez found that the facts of this case do not

---

[2]Judge Martinez determined Christy could collaterally attack his Coercion and Enticement conviction in spite of waiving the right to collaterally attack his conviction on any ground other than: (i) his counsel's ineffective assistance in negotiating the plea; and (ii) his retained right to appeal the denial of his motion to suppress.   See PFRD at 12 n.11.   Judge Martinez explains that the United States "concedes that 'principals [sic] of equity dictate that [Movant's] challenge to [the Coercion and Enticement] conviction is not barred by the appeal waiver.'"   PFRD at 12 n.11 (quoting Response at 4).   Judge Martinez concluded that "equity dictates that Movant be allowed to challenge his Coercion and Enticement conviction in this proceeding, despite the terms of the waiver."   PFRD at 12 n.11.   Moreover, the United States did not file any objections.   Although the Court might not have arrived at the same conclusion on a clean slate, because neither the United States nor Christy object to the PFRD's position, the Court determines that Judge Martinez' findings and recommended disposition in the PFRD are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and will not disturb his conclusion.

squarely fit with other cases' holdings, which require that the Court vacate the entire plea agreement, and that the Court return the parties to their statuses before entering into the pleas. Here, however, Christy's sentences are not consecutive, and the charges of Coercion and Enticement and Child Pornography are not interdependent.   See PFRD at 21.   Judge Martinez therefore concluded that the Plea Agreement has not been rendered invalid based on vacatur of the Coercion and Enticement charge.   See PFRD at 21.

Judge Martinez recommends that, pursuant to the holding in United States v. Benard, 680 F.3d 1206 (10th Cir. 2012), the Court give Christy the option to withdraw his plea to the Child Pornography charge.   See PFRD at 21.   Judge Martinez recommends that, if Christy elects to stand by the Plea Agreement, and to not withdraw his plea and conviction as to the Child Pornography charge, the Court give Christy the opportunity to ask the Court for a recalculation of his sentence with regard to that one charge.   See PFRD at 22.   Last, Judge Martinez recommends that, if Christy elects to withdraw his plea to the Child Pornography charge, the Court should allow the United States to decide whether to pursue only the Child Pornography charge that was part of the plea agreement or to reinstate the Child Pornography charges in the Indictment under the frustration of purpose doctrine.   See PFRD at 24.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.   See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").   Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Finally, when resolving

objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.   The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3).   Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.   A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quotations omitted)(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).   As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[3] including judicial efficiency."   One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."   One Parcel, 73 F.3d at 1060.   "To further advance the

---

[3]Congress enacted the Federal Magistrates Act, 28 U.S.C. § 631, in 1968.

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted).   In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."   Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).   See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").   In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."   Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general.   See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.   The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).   There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.   Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.   Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."   See Jurisdiction of United States Magistrates, Hearings on S.

1283 before the Subcommittee on Improvements in Judicial Machinery of the
Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis
added)(hereafter Senate Hearings).   The Committee also heard Judge Metzner of
the Southern District of New York, the chairman of a Judicial Conference
Committee on the administration of the magistrate system, testify that he
personally followed that practice.   See id., at 11 ("If any objections come in, . . .
I review [the record] and decide it.   If no objections come in, I merely sign the
magistrate's order.").   The Judicial Conference of the United States, which
supported the *de novo* standard of review eventually incorporated in §
636(b)(1)(C), opined that in most instances no party would object to the
magistrate's recommendation, and the litigation would terminate with the judge's
adoption of the magistrate's report.   See Senate Hearings, at 35, 37.   Congress
apparently assumed, therefore, that any party who was dissatisfied for any reason
with the magistrate's report would file objections, and those objections would
trigger district court review.   There is no indication that Congress, in enacting §
636(b)(1)(C), intended to require a district judge to review a magistrate's report to
which no objections are filed.   It did not preclude treating the failure to object as
a procedural default, waiving the right to further consideration of any sort.   We
thus find nothing in the statute or the legislative history that convinces us that
Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need

not be applied when the interests of justice so dictate.'"   One Parcel, 73 F.3d at 1060 (quoting

Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have

declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order

does not apprise the pro se litigant of the consequences of a failure to object to findings and

recommendations.")(citations omitted)).   Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while

"[a]ny party that desires plenary consideration by the Article III judge of any issue need only

ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the

request of a party, under a de novo or any other standard").   In One Parcel, the Tenth Circuit noted

that the district judge had decided sua sponte to conduct a de novo review despite the lack of

specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on

appeal because it would advance the interests underlying the waiver rule.   See 73 F.3d at

1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Circuit Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo*

review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).

"[T]he district court is presumed to know that de novo review is required. Consequently, a brief

order expressly stating the court conducted de novo review is sufficient." Northington v. Marin,

102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress

references to de novo review in its order must be taken to mean it properly considered the

pertinent portions of the record, absent some clear indication otherwise." Bratcher v.

Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has

previously held that a district court properly conducted a de novo review of a party's evidentiary

objections when the district court's "terse" order contained one sentence for each of the party's

"substantive claims" and did "not mention his procedural challenges to the jurisdiction of the

magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766.      The Tenth

Circuit has explained that brief district court orders that "merely repeat[] the language of §

636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted

a de novo review:

> It is common practice among district judges in this circuit to make such a statement
> and adopt the magistrate judges' recommended dispositions when they find that
> magistrate judges have dealt with the issues fully and accurately and that they could
> add little of value to that analysis. We cannot interpret the district court's
> statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the

exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and

recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d

at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations.   In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.   S e e 2013 WL 1010401, at *1, *4.   The Court generally does not, however, "review the PFRD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."   Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.   The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"   Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.).   See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.   The Court determines that they are not, and will therefore adopt

- 12 -

the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

Christy's first objection to Judge Martinez' recommendations is that the element of unlawfulness in N.M. Stat. Ann. § 30-9-11(A) was clearly established law before Christy entered into the Plea Agreement. See Objections at 2-3. Christy contends that State v. Stevens did not establish new law regarding the element of unlawfulness in § 30-9-11(A), but "merely sought to 'clarify' that 'otherwise lawful sexual intercourse' could not violate N.M.S.A. § 30-9-11(E)(5)." Objections at 3 (citing State v. Stevens, 2011-NMSC-011, ¶ 2). Christy states that, if the Court is uncertain regarding the history and applicability of the unlawfulness element in this statute, the Court should certify the following question to the Supreme Court of New Mexico: "Was the element of 'unlawfulness' in N.M.S.A. § 30-9-11(A) unambiguously an element of the statute

when [Christy] was convicted in 2011?"   Objections at 3.   The issue, however, is not whether unlawfulness was an element, but whether unlawfulness meant that the sex had to be non-consensual.

Judge Martinez properly determined that, based on the law at the time that Christy and the United States were negotiating the Plea Agreement under State v. Maestas, 2005-NMCA-062, 112 P.3d 1134, and State v. Moore, 2011-NMCA-089, 263 P.3d 289, New Mexico's CSP II statute could fairly be interpreted to mean that engaging in consensual sex with a sixteen-year-old could be the basis for a CSP II charge.   See PFRD at 10; State v. Moore, 2011-NMCA-089, ¶ 14, 263 P.3d at 294 ("[W]e decline to extend the definition of the unlawfulness element of CSP II to include an additional requirement that Victim did not consent to the sexual intercourse during Defendant's commission of a felony.").   The Court agrees with Judge Martinez that State v. Stevens, which disapproved of the State v. Maestas and State v. Moore decisions, and clarified that a conviction of CSP II does not include consensual sex between those with the legal power to give consent, constitutes a proper basis for vacating Christy's conviction and sentence as to the Coercion and Enticement charge.   The Court also notes that in State v. Stevens, the Supreme Court of New Mexico states that it was "[a]ddressing a precedential legal issue" when it issued its clarification with regard to what constitutes the crime of CSP II.   State v. Stevens, 2014-NMSC-011, ¶ 2.   For these reasons, the Court concludes that this objection lacks a sound basis in New Mexico law and therefore overrules it.

Christy next objects to the PFRD by contending that his Plea Agreement was not knowing and voluntary, because the United States and his counsel did not inform him of the correct interpretation of the unlawfulness element in § 30-9-11(A).   See Objections at 3-4.   Christy contends that the Plea Agreement is void, because: (i) he did not violate the law; and

(ii) unlawfulness was always an element of N.M. Stat. Ann. § 30-9-11.   Christy argues that the entire Plea Agreement must be considered void because his plea to the Child Pornography charge was induced by the unlawful Coercion and Enticement charge.   See Objections at 5.   Based on these same arguments, Christy also objects that the waivers in his Plea Agreement are not enforceable.   See Objections at 6.

As stated above, the Court agrees with Judge Martinez's finding that, when Christy entered into the Plea Agreement, the law could fairly be interpreted to mean that engaging in consensual sex with a sixteen-year-old could be the basis for a CSP II charge.   Pursuant to the existing case law at the time, the United States interpreted the crime's elements not "to include an additional requirement that Victim did not consent to the sexual intercourse during Defendant's commission of a felony."   State v. Moore, 2011-NMCA-089, ¶ 14, 263 P.3d at 294.   Accordingly, the United States gave Christy "real notice of the true nature of the charges against him," "informed [him] of the crime's elements," and complied with the knowing and voluntary standard.   Objections at 4. In addition, while Judge Martinez concluded that the Plea Agreement has not been rendered invalid based on the vacatur of the Coercion and Enticement charge, Judge Martinez nevertheless recommends that Christy be given the option to withdraw his plea to the Child Pornography charge, which is similar to the relief he is seeking in these Objections.   See PFRD at 21; Objections at 8 (objecting that "the conviction for Count 2 must be vacated").   The Court therefore concludes that these objections lack a sound basis in the applicable law and overrules them.

Next, Christy contends that Judge Martinez incorrectly determined that, if Christy elects to withdraw his guilty plea, the Court should allow United States to choose whether to reinstate the Child Pornography charges in the Indictment under the frustration-of-purpose doctrine.   See

Objections at 6-7.   Christy contends that § 30-9-11(A)'s plain language unambiguously includes unlawfulness as an explicit element of the crime, so "[i]t is irrelevant that the state Supreme Court recently (2014) defined the contours of the applicable predicate felonies (Stevens, supra., ¶39), or that the Court disavowed the bizarre notion that 'lawful sexual intercourse' could be the basis for a CSP II conviction (Id. ¶92)."   Objections at 6.   Again, the Court has already concluded that at the time Christy entered into the Plea Agreement, a fair interpretation under the holdings of State v. Maestas and State v. Moore was that engaging in consensual sex with a sixteen-year-old could be the basis for a CSP II charge.   In addition, the Court agrees with Judge Martinez that United States v. Bunner, 134 F.3d 1000 (10th Cir. 1998), applies here if Christy elects to withdraw his guilty plea.   See PFRD at 24.   As the Tenth Circuit explained in United States v. Bunner, once a defendant becomes "relieved of his obligations under the plea agreement[,] . . . the underlying purpose of the agreement is frustrated and the basis of the government's bargain is destroyed," and the government may choose to either: (i) "perform according to the letter of the plea agreement"; or (ii) "seek discharge of its duties" and return the parties to the positions they occupied before the defendant entered his guilty plea.   134 F.3d at 1005.   Thus, if Christy elects to withdraw his guilty plea to the Child Pornography charge, the Plea Agreement's purpose will be frustrated, and that agreement no longer obligates the United States.   The Court, therefore, concludes that this objection lacks a sound basis in the applicable law and overrules it.   The United States may seek to reinstate the Child Pornography charges in the Indictment if Christy elects to withdraw his plea to the Child Pornography charge.

Christy's next objection is that Judge Martinez erred by failing to address the following claims: (i) violation of the Speedy Trial Act; (ii) Due Process violation; (iii) Equal Protection violation; and (iv) "Void For Vagueness as Applied (Due Process)."   Objections at 7.   The Court

agrees with Judge Martinez that, because the Court will grant Christy's § 2255 Motion as to his Coercion and Enticement conviction, there is no need to address Christy's other grounds for relief from that charge.  See PFRD at 6-7.  In addition, the Court agrees with Judge Martinez that, because the Plea Agreement's waiver of any collateral attack to Christy's convictions is enforceable, Christy has waived his right to challenge his Child Pornography conviction.  See PFRD at 14.  The Court also agrees with Judge Martinez's conclusion that State v. Stevens "does not . . . transform the prosecution's reliance on existing law into 'misconduct,' nor render Movant's entire plea agreement 'void,'" and that the United States' failure to inform Christy of then-nonexistent case law regarding CSP II does not render his plea unknowing or involuntary. PFRD at 14.  The Court, therefore, finds that this objection lacks a sound basis in the applicable law and the Court overrules it.

Christy's next objection is that Judge Martinez's recommended disposition is inappropriate, that the Court should not allow the United States to reinstate the dismissed charges, that the Court must void the Plea Agreement, and that the Court should grant Christy's Emergency Motion.  See Objections at 8.  The Court has already addressed all of the arguments underlying this objection, and therefore finds that, for all of the reasons stated above, this objection lacks a sound basis in the applicable law and the Court overrules it.

Finally, the Court notes that on June 13, 2016, Christy filed an Addendum to his objections contending that Judge Martinez ignored State v. Maestas and State v. Moore, which Christy contends "were controlling 'before Movant and the United States executed the Plea Agreement in September 2011.'"  Addendum at 1.  He argues that these cases' holdings support a finding that Christy "could not habe [sic] been convicted at any time for a violation of NMSA 30-9-11, which voids the entire plea agreement due to government malfeasance, and precludes reviving dismissed

counts under controlling precedent set out in U.S. v. Frownfelter, 626 F.3d 549 (10th Cir., 2010)."
Addendum at 1.

First, this objection is untimely because Christy filed it more than fourteen days after the Judge Martinez entered the PFRD, so the objection has been waived. Nevertheless, the Court notes that Judge Martinez did not ignore State v. Maestas and State v. Moore. Instead, Judge Martinez explained how these cases support a finding that, at the time the United States and Christy entered into and executed the Plea Agreement, a fair interpretation of New Mexico's CSP II statute was that engaging in consensual sex with a sixteen-year-old could be the basis for a CSP II charge in New Mexico. See PFRD at 8-10 (discussing State v. Maestas and State v. Moore). As Judge Martinez explained, the Court of Appeals of New Mexico held in State v. Maestas that it was not a requirement of the CSP II statute to find that the defendant used force or coercion to cause the victim to engage in sexual activity. See 2005-NMCA-062, ¶ 24. Similarly, Judge Martinez explained that the Court of Appeals of New Mexico in State v. Moore "decline[d] to extend the definition of the unlawfulness element of CSP II to include an additional requirement that Victim did not consent to the sexual intercourse during Christy's commission of a felony." State v. Moore, 2011-NMCA-089, ¶ 14. See PFRD at 9-10. Accordingly, contrary to Christy's contention in his Addendum, Judge Martinez properly considered these cases.

In conclusion, after conducting a de novo review of the portions of the PFRD to which Christy objects, the Court concludes that the Objections lack a sound basis in the case's facts and in the applicable law, overrules the Objections, and adopts the PFRD. Regarding the portions of the PFRD to which neither party objects, the Court conducted enough of a review to determine that Judge Martinez' findings and recommended disposition in the PFRD are not clearly erroneous,

arbitrary, obviously contrary to law, or an abuse of discretion.   See Chelsek v. Bank, 2016 WL 3148398, at *6 (D.N.M. May 19, 2016)(Browning, J.).

   **IT IS ORDERED** that: (i) the Petitioner's Objections to Magistrate's Proposed Findings and Recommended Disposition, filed May 23, 2016 (Doc. 19), are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 5, 2016 (Doc. 18)("PFRD"), are adopted; (iii) the Petitioner's Motion Under 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 1, 2015 (Doc. 1), and amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed October 6, 2015 (Doc. 4)(collectively, "§ 2255 Motion"), are granted as to the charge of Coercion and Enticement under 18 U.S.C. § 2422(a); (iv) the Petitioner's conviction and sentence as to the charge of Coercion and Enticement under 18 U.S.C. § 2422(a) are vacated; (v) the Petitioner's § 2255 Motion is denied as to the charge of Child Pornography under 18 U.S.C. § 2252; (vi) the Petitioner's Motion to Supplement Petitioner's Reply Due to Newly-Discovered Authority, filed January 19, 2016 (Doc. 13), is granted; (vii) the Petitioner's Motion for Expedited Disposition of Motion Under 28 U.S.C. § 2255, filed February 22, 2016 (Doc. 16), and Emergency Motion for Release Pending Habeas, filed January 11, 2016 (Doc. 11), are denied; and (viii) this case shall be dismissed with prejudice and a final judgment shall be entered concurrently with this order; (ix) within thirty days of entry of this Order, the Petitioner/Defendant shall file in the underlying criminal case a notification stating only one of the following options: (a) "I hereby elect to stand by the Plea Agreement as to the plea and conviction for Child Pornography, with the understanding that I may ask the Court for a recalculation of my sentence with regard to that charge."; or (b) "I hereby elect to withdraw my plea to the Child Pornography charge, with the understanding that by doing so, the Government may reinstate the

charges in the Indictment regarding the Child Pornography charges."; (x) if the Petitioner/Defendant fails to timely notify the Court as to his choice between (ix)(a) and (b), or if the Petitioner/Defendant uses different or additional language in the notification, the Petitioner/Defendant's current conviction and sentence as to the Child Pornography charge shall be left as is; and (xi) if the Petitioner/Defendant elects to withdraw his plea to the Child Pornography charge, as set forth in option (ix)(b) above, then within ten days of receipt of the Petitioner/Defendant's notification, the United States shall file a notification in the underlying criminal case stating whether it will: (a) pursue only the Child Pornography charge that was part of the Plea Agreement; or (b) reinstate the Child Pornography charges in the Indictment; at that time, the Court will reappoint counsel for the Defendant in his criminal case, which will proceed as necessary.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Lee P. McMillian
Law Offices of Lee McMillian PC
Houston, Texas

     *Attorney for the Plaintiff*

Damon P. Martinez
  United States Attorney
Holland S. Kastrin
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Defendant*