FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 21 2018

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )          Cr. No. 10-CR-1534 JAP
                                   )
**EDWARD CHRISTY,**                )
                                   )
            Defendant.             )

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the

following agreement between the United States Attorney for the District of New Mexico, the

Defendant, **EDWARD CHRISTY**, and the Defendant's counsel, Todd Coberly:

## REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

        a.     to be prosecuted by indictment;

        b.     to plead not guilty, or having already so pleaded, to persist in that plea;

        c.     to have a trial by jury; and

        d.     at a trial:

               1)     to confront and cross-examine adverse witnesses,

2)      to be protected from compelled self-incrimination,

3)      to testify and present evidence on the Defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Count 2 of the superseding indictment, charging a violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256, that being possession of matter containing visual depictions of minors engaged in sexually explicit conduct.

## SENTENCING

4.      The Defendant understands that the maximum penalty provided by law for this offense is:

a.      imprisonment for a period of not more than 10 years;

b.      a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.      a term of supervised release of not less than 5 years and not more than life that must follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.      a mandatory special penalty assessment of $100.00; and

2

e.      restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6.      The parties are aware that the Court will decide whether to accept or reject this plea agreement.   The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.   Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7.      Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

**ELEMENTS OF THE OFFENSE**

8.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

**First:**      The defendant knowingly possessed one or more matter that contained any visual depiction of a minor engaging in sexually explicit conduct;

**Second:**      The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

**Third:**      The visual depiction was of a minor engaging in sexually explicit conduct;

3

**Fourth:**      The defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct; and

**Fifth:**       The visual depiction had been either

    (a)     transported in interstate or foreign commerce, or

    (b)     produced using material that had been transported in interstate or foreign commerce by computer or other means.

### DEFENDANT'S ADMISSION OF FACTS

9.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the superseding indictment that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

On November 9, 2009, BCSO and FBI investigators executed a search warrant at my Albuquerque residence.   On that date, the investigators seized computers and computer-related media that belonged to me, including a Hewlett Packard HDX 16 laptop, a Memorex Travel Drive 1GB USB, a USB 64 MB Flash Drive, an Imation 700 MB CD titled "backups", an Iomega PC I 00 Zip Disk titled "Ed Christy lab," a SyQuest 135 MB Tape Drive, and a TC Desktop Computer with a Western Digital Hard Drive.   I am aware that investigators conducted a forensic examination of my seized computers and computer-related media during which they located numerous images of child pornography.   I am also aware that investigators sent the child pornography images that I possessed on my computers and computer-related media to the National Center for Missing and Exploited Children (NCMEC), which confirmed that I possessed pornographic images of real, known children who were under the age of 18.

I admit that one of the images that I knowingly possessed on my Hewlett Packard HDX 16 laptop, with the internal Toshiba Hard Drive, was an image titled "JPEG_5796074.jpg."   I am

aware that NCMEC confirmed that this image was from the known series of child pornography identified as the Ali series.   I admit that this image depicts a young child with an adult penis in her mouth.   Another image that I admit that I knowingly possessed on this computer was an image titled "1101091944.jpg."   I admit that this image is a close-up of the vagina of a girl I knew to be under the age of 18.

I am aware and admit that my Hewlett Packard HDX 16 laptop, with the internal Toshiba Hard Drive, which produced the child pornography images, was not manufactured in New Mexico and must have traveled in interstate commerce to have been possessed by me in New Mexico on November 9, 2009.

In summary, I admit that on November 9, 2009, while in Bernalillo County, District of New Mexico, I knowingly possessed a matter containing visual depictions that had been produced using materials which had been shipped and transported in interstate and foreign commerce and the production of these images involved the use of a minor engaging in sexually explicit conduct and is of such conduct.   Specifically, I possessed visual depictions of minors engaged in sexually explicit conduct on my Hewlett Packard HDX 16 laptop, with the internal Toshiba Hard Drive.   I knew it was illegal for me to possess such images.

10.     By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty.   The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11.     The United States and the Defendant recommend as follows:

a.     The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of time served, followed by a ten-year term of supervised release is the appropriate disposition in this case.   This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur.

b.      If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

### DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.     Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

14.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.   Furthermore, defendant understands that if the court rejects the plea

agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of

any obligation it had under the agreement and defendant shall be subject to prosecution for any

federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed

or not prosecuted.

15.    The Defendant recognizes that this plea agreement has already conferred a benefit

on the Defendant.   Consequently, in return for the benefit conferred on the Defendant by

entering into this agreement, the Defendant agrees not to seek a downward departure or variance

from the specific sentence of time served, followed by a ten-year term of supervised release, as

agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure.

If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure

or variance, including a departure or variance from the guideline Criminal History Category, the

United States shall have the right to treat this plea agreement as null and void and to proceed to

trial on all charges before the Court.

## RESTITUTION

16.    The parties agree that, as part of the Defendant's sentence, the Court will enter an

order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.   In

this case, the Defendant agrees to pay any amounts remaining unpaid associated with his prior

agreement to pay restitution in the amount of $500 to the victim of the "Vicky" series.   *See* Doc.

195 at 4, ¶ 7.b.   No later than July 1 of each year after sentencing, until restitution is paid in full,

the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, P.O. Box

607, Albuquerque, New Mexico 87103, (1) a completed and signed financial statement provided

7

to the Defendant by the United States Attorney's Office and/or the United States Probation

Office and (2) a copy of the Defendant's most recent tax returns.

## **FORFEITURE**

17.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the

Defendant may have in any asset derived from or used in the commission of the offense(s) in this

case.   The Defendant agrees to cooperate fully in helping the United States (a) to locate and

identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of

all or part of any such assets.   The Defendant further agrees to cooperate fully in helping the

United States locate, identify, and obtain possession and/or ownership of any other assets about

which the Defendant may have knowledge that were derived from or used in the commission of

offenses committed by other persons.

18.     The Defendant voluntarily and immediately agrees to the administrative, civil, or

criminal forfeiture to the United States all of the Defendant's right, title, and interest in the

following assets and properties:

      a.      Hewlett Packard HDX 16 Laptop, Serial Number CNF9241 L65, with an internal Toshiba hard drive MK3255GSX, Serial Number 6981F9ZNS;

      b.      Memorex Travel Drive 2 GB USB;

      c.      USB 64MB Flash Drive;

      d.      Imation 700 MB CD "backups";

      e.      Iomega PC 100 Zip Disk, 100 MB "Ed Christy lab";

      f.      SyQuest Tape Drive, 135mb; and

      g.      TC Computer Desktop, with Western Digital 8GB Hard Drive, Serial Number WT527.

8

19.     The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

20.     The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

21.     The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property.   The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

### SEX OFFENDER REGISTRATION AND NOTIFICATION

22.     The Defendant understands that by pleading guilty, the Defendant will be required to register as a sex offender upon the Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).   The Defendant also understands that independent of supervised release, the Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life. The Defendant understands that the Defendant shall keep the Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment, or student status, or other relevant

9

information within three business days after such change.   The Defendant shall comply with requirements to periodically verify in person the Defendant's sex offender registration information.   The Defendant understands that the Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   If the Defendant resides in New Mexico following release from prison, the Defendant will be subject to the registration requirements of New Mexico.   The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

23.     As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the Defendant's registration information.   The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

### WAIVER OF APPEAL RIGHTS

24.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court.   In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine,

pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

25. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that the United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present superseding indictment.

26. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

27. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

28. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

11

## **SPECIAL ASSESSMENT**

29.     At the time of sentencing, to the extent that the Defendant has not already done so

pursuant to provisions contained in his prior plea agreement, *see* Doc. 195 at 16-17, ¶ 28, the

Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas

Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check

payable to the order of the **United States District Court** in the amount of $100 in payment of

the special penalty assessment described above.

## **ENTIRETY OF AGREEMENT**

30.     This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties.   This agreement

is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 21st day of May, 2018.

JOHN C. ANDERSON
United States Attorney


Holland S. Kastrin
Sarah J. Mease
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

12

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Todd Coberly
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

**EDWARD CHRISTY**
Defendant

13