IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                    No.10-cr-01534-KWR-1

EDWARD CHRISTY,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

THIS MATTER comes before the Court upon Defendant's Motion for Early Termination of Supervised Release, filed on March 1, 2024. Doc. 392. Having considered the parties' written arguments and the applicable law, the Court finds Defendant's Motion is not well-taken and, therefore, is **DENIED**.

### BACKGROUND

Defendant's procedural history in this matter is extensive, spanning nearly 15 years. In sum, in 2009, Defendant was charged by the Bernalillo County Sherriff's Office with: (1) criminal sexual penetration, in violation of NMSA 1978, § 30-9-11(E); (2) sexual exploitation of children, in violation of NMSA 1978, § 30-6A-3(D); and (3) sexual exploitation of children, in violation of NMSA 1978, § 30-6A-3(A). Doc. 392 at 2. In 2010, Defendant was charged federally with: (1) Transportation with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a); and (2-4) Possession of Matter Containing Visual Depictions of Minors Engaged in

Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256.[1]  *Id*. citing, Doc. 2.  Stemming from these charges, in 2018, Defendant was ultimately re-prosecuted and convicted of one count of possession of materials containing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).  Doc. 392 at 1 citing, Doc. 385.  Defendant was sentenced to 2,928 days in the Bureau of Prisons or time served, whichever is less, followed by ten years of supervised release.  *Id*.

Defendant has served more than half of his term of supervised release and through his filing of this Motion, asks this Court for its early termination.  Doc. 392 at 4.  On March 15, 2024, the United States filed its Response in opposition to Defendant's Motion.  Doc. 394.

## DISCUSSION

Modification of conditions and revocation are governed by 18 U.S.C. § 3583(e), which allows a sentencing court to retain authority to terminate, extend, or revoke conditions of Supervised Release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . ."  *See* 18 U.S.C. § 3583(e).  The § 3553(a) factors the Court considers include "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, the need for the sentence imposed to deter other criminal conduct and protect the public, and to provide the defendant with needed services.  *See* 18 U.S.C. § 3553(a).

Defendant asserts that early termination of his sentence of supervised release is proper for several reasons.  First, Defendant argues that early termination is warranted because he has

---

[1] For the sake of brevity, the Court omits the extensive procedural history of Defendant.  After entering into a plea agreement in 2011 and serving his sentence, Defendant's conviction was vacated in 2016.  Doc. 392 at 3.  Defendant was then re-prosecuted in 2018 and convicted.

engaged in exceptional conduct while on supervision, citing numerous letters of support. Doc. 392 at 7-8. Furthermore, because Defendant is no longer a threat and has fully and successfully reintegrated into society, this too weighs in favor of early termination. *Id*. at 9-10. The United States objects on the grounds that Defendant has already received the benefit of a significant downward departure as to the length of his supervised release sentence. Furthermore, the United States argues when weighing the § 3553(a) factors, considering the nature and circumstances of the offense, history, Defendant's characteristics, and the needs of protecting the public and deterrence, these weigh in favor of denying Defendant's motion. Doc. 394 at 6-9.

The Court finds that early termination from supervised release under 18 U.S.C. § 3583(e)(1) is not appropriate because the Court is not "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In denying Defendant's Motion, the Court has considered all of the applicable factors set forth in 18 U.S.C. § 3553(a) but focuses on the nature and circumstances of the offense. Guide to Judiciary Policy, Vol. 8, Part E, Ch. 3, § 380.10(b)(4), (e)(1)(a), (e)(2)(a). Defendant already received a substantial benefit from the significant reduction in sentencing, from a recommended imposition of a lifetime term of supervised release to ten years. 18 U.S.C. § 3583(k). Additionally, the Court notes that Defendant has previously violated terms of supervised release in this case, albeit not his most recent conditions. Doc. 338 at 10-11. Finally, the Court notes that five years' supervised release is the statutory minimum term for this offense. 18 U.S.C. § 3583(k). The Court continues to view the current term of supervised release as sufficient but not greater than necessary to comply with the purposes of sentencing, and at this time, finds that Defendant must continue to serve that term. The Court finds that termination of supervised release at this time is not in the interest of justice. 18 U.S.C. § 3583(e)(1).

Accordingly, for the reasons set forth in this Memorandum Opinion and Order, Defendant's Motion for Early Termination of Supervised Release (Doc. 392) is **DENIED**.

**IT IS SO ORDERED**.

/s/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE